LOUIS LIONETTI

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

183   253
f113a 364
j113a 374

*Opinion filed December 18, 1899.*

1. INDICTMENT—*an indictment against accessory may charge the legal effect of his acts.* An indictment against an accessory may charge, in direct terms, that the accused actually did that which is the legal effect of such acts as were performed by him.

2. EVIDENCE—*what will sustain charge of voting in the name of another person.* A charge of illegal voting in the name of another person is sustained by proof that the accused induced a third party to vote under such name, that he so identified him and was present when the vote was cast, thus aiding, abetting and directing the crime.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

WADE & WEIL, for plaintiff in error.

E. C. AKIN, Attorney General, (CHARLES S. DENEEN, State's Attorney, and A. C. BARNES, of counsel,) for the People.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is a writ of error to bring in review the judgment of the criminal court of Cook county adjudging the plaintiff in error to be guilty of the violation of certain of the provisions of paragraph 252, article 6, of chapter 46, (Hurd's Stat. 1897,) entitled "Elections."

The indictment contained three counts. The first charged the plaintiff in error feloniously "did, in and upon the name of another person, to-wit, one Dominick Bruno, vote at the certain general county election," etc. The second alleged the plaintiff in error feloniously "did, in and upon the name of another person, to-wit, Dominick Bruno, vote at a certain general election," etc. The allegations of the third count are, that the plaintiff in error feloniously "did personate another person, to-wit, one Dominick Bruno, and did then and there, in and upon

the name of the said Dominick Bruno, vote at the general county election," etc.

The case, as made by the evidence for the People and as relied upon by the People to support the conviction, was, that the plaintiff in error, on the day of the election in question, went to one Gessaro Mariano and told him that Dominick Bruno was at work on that day and could not vote, and asked him (Mariano) to vote for Bruno; that Mariano consented, and they went together to the polls and plaintiff in error identified Mariano as being Bruno, and told the election officers Mariano was Bruno and lived at 168 Ewing street, which was the place of residence of Bruno; that Mariano was provided with a ballot by the election officers, went into the booth, prepared the ticket, came out, and in the presence of the plaintiff in error cast the ballot under the name of Bruno, and that plaintiff in error and Mariano went away from the polls together. There was no evidence tending to show the plaintiff in error, by his own act, voted "in and upon the name of Dominick Bruno," as charged in the first and second counts of the indictment, or that he, in his own person, personated Bruno, and voted in, under or upon the name of Bruno, as averred in the third count.

The position of counsel for plaintiff in error is, that it was necessary, in order to support the allegations of the indictment, it should have been proven plaintiff in error, in his own person, personated Bruno, or by his own act or hand deposited the ballot under the name of Bruno. In this counsel are in error. It was proven plaintiff in error was present when the crime was committed; that he aided, advised, abetted and assisted, actively and personally, in its commission,—in fact, that he controlled and directed the perpetration of the crime. The offense is a felony. (Hurd's Stat. 1897, par. 252, chap. 46, entitled "Elections.") At the common law he would have been deemed a principal of the second degree, but even at the common law the distinction between principals of the

first and second degree was abandoned. (1 Bishop's New Crim. Law, sec. 648.) Under our statute he is deemed a principal offender, and is to be tried and punished accordingly. (Hurd's Stat. 1897, Crim. Code, par. 274.) It is not essential the indictment against one who is guilty as an accessory under the statute shall describe the circumstances of the offense as they actually occurred. The allegations may charge, in direct terms, the accused actually did that which is the legal effect of such acts as were performed by him. Such an allegation is fully supported by proof that another did that which is directly alleged to have been done by the accused, if it be shown the accused was present, and, as in this case, aided, advised, encouraged and assisted such other to do the prohibited acts. The acts of such other in such instances become the acts of the accused in the contemplation of law, and may be alleged so to be in the indictment. *Baxter* v. *People,* 3 Gilm. 368; *Coates* v. *People,* 72 Ill. 303; 2 Bishop's New Crim. Proc. secs. 1, 23, 24.

The conviction is emphatically just upon the merits and the record is free from error. The judgment is affirmed. *Judgment affirmed.*