THOMAS HOBBS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 18, 1899.*

1. APPEALS AND ERRORS—*when abstract of record does not comply with rules of court.* The filing of a pamphlet marked "Abstract of record and argument," which does not contain the evidence in the record nor the instructions, but only a few questions and answers and one instruction, with which are intermingled some reference to authorities and matters of argument, does not comply with the rules of the Supreme Court.

2. SAME—*one not excepting to the rulings is not entitled to review them.* One not taking exception to any rulings of the court on evidence or instructions, or on anything that occurred at the trial, is not entitled to the review of any question on appeal or error.

3. INSTRUCTIONS—*when instruction in embezzlement trial is not objectionable.* An instruction in an embezzlement trial is not objectionable which holds that if the accused knew that the person from whom he fraudulently obtained the check in question was a demented person and incapable of transacting ordinary business then it was immaterial that such person voluntarily parted with it.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. JOHN A. GRAY, Judge, presiding.

C. C. WILLIAMS, for plaintiff in error.

B. M. CHIPERFIELD, State's Attorney, (C. E. CHIPERFIELD, of counsel,) for the People.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Matilda C. Throater, who lived at Smithfield, Illinois, was an imbecile, not having sufficient mental capacity to attend to the most ordinary business. A pension amounting to $266.80 was allowed by the government of the United States to her as the widow of a soldier. Thomas Hobbs, plaintiff in error, lived at Marietta, Illinois, about six miles from Smithfield, and practiced before justices of the peace but was not licensed as an attorney. He learned that Mrs. Throater was about to draw this pension, and, by representing to her that he would attend to her legal business and obtain the appointment of a conservator for her, he induced her to sign an order January 28, 1898, directed to C. B. Moul, a pension agent, ordering him to turn over the check for the pension. By means of this order he obtained the check, which had been endorsed by her, and gave a receipt, reciting that it was to be cashed by him and $166.80 returned, "the balance of said $100 to be applied by me as payment in full for all services rendered in Matilda C. Throater's interest, which services shall not cease until Matilda C. Throater's business affairs of all kinds are satisfactorily adjusted. Said disposition made by order of Matilda C. Throater." Mrs. Throater had no legal business to attend to and no occasion for a conservator. She had no use for an attorney, even if he had been one. The order was obtained by fraud and the money was fraudulently converted to his own use. He did not perform any legal services for her. He was indicted for embezzlement, and these facts being proved he was convicted.

A pamphlet is filed in the case on behalf of plaintiff in error, marked "Abstract of record and argument," but it is not a compliance with the rules of the court. It does not contain the evidence in the record nor the instructions, but only a few questions and answers, and one instruction numbered 7, given at the request of the People.

183—22

Intermingled with these are some references to authorities and matters of argument. No exception was preserved to any ruling of the court in passing upon the evidence or instructions, or to anything that occurred at the trial. Under well established rules plaintiff in error is not entitled to the review of any question, and the alleged errors, perhaps, ought to be dismissed with that statement. So far, however, as we are able to discover what the objections of plaintiff in error are, there is no merit in them. One is, that the court did not permit a witness to testify what plaintiff in error wanted to get five dollars from Mrs. Throater for, about a year before this transaction. There is no pretense that it had any connection with this affair, and it was rightly excluded. Another objection is, that the court excluded the answer of a witness that he did not succeed in having a conservator appointed for Mrs. Throater. The court permitted proof that he employed the witness, who was an attorney, for that purpose, and the ruling certainly did him no harm. It was not essential to the defense to show that the attempt to get a conservator was a failure. The claim of the prosecution was that Mrs. Throater did not need one. It is also insisted that the receipt shows that he received the pension check from Moul, and not from Mrs. Throater. It does not show that fact. It was her check and he received it on her order. The seventh instruction told the jury, in substance, that if Mrs. Throater was a demented or distracted person, of unsound mind and memory, and not capable of transacting the ordinary business of life, and defendant knew it, it was not material whether she parted with the possession of the check willingly or unwillingly. We see no objection to it.

The judgment is affirmed.          *Judgment affirmed.*