CHARLES F. ROBISON
*v.*
JOHN W. BARLOW *et al.*

*Opinion filed June 16, 1903.*

SPECIFIC PERFORMANCE—*when bill for specific performance is properly dismissed.* A bill for specific enforcement of a contract for the sale of land is properly dismissed where the parties in a prior forcible detainer proceeding had made a stipulation dividing the property and executed a lease for portions thereof, thereby abandoning the original contract.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

This is a bill for specific performance by Charles F. Robison, against Cora B. Lewis, (formerly Cora B. Vandecar,) John W. Barlow, and others, in the circuit court of Fulton county, to compel them to convey to the complainant fifty-five acres of land, in compliance with the terms of a contract dated November 21, 1893, wherein Cora B. Vandecar agreed to convey the same to the complainant for a consideration of $1200, $125 of which amount was paid on the date of the contract, with the stipulation for the payment of $1075 in two equal payments on December 5, 1896, and December 5, 1897, less such sums of money ·as "the said Robison should have paid to J. M. Stewart, guardian of said Vandecar, as rent for said premises after date of bond." By the bill the complainant claims to have paid on the contract, up to

April 1, 1895, a total sum of $475; that the defendant Cora B. Vandecar married one E. C. Lewis, who joined with her in a conveyance of the premises on January 14, 1896, to Jesse Barlow; that said Jesse Barlow, on April 8, 1899, conveyed the premises to John W. Barlow. The possession of the land was delivered to complainant upon the execution of the bond for a deed, and he continued in possession until after the above named conveyances. The bill concludes with an offer to pay the balance due on the bond, to be ascertained by an accounting, complainant to receive credit for certain sums as rents and profits received by John W. Barlow.

John W. Barlow answered the bill, admitting the making of the contract and the subsequent conveyances, but denying that the complainant was ever ready or willing to comply with his agreement. The chief defense insisted upon in the answer was, that in a forcible detainer proceeding in the circuit court of Fulton county, appealed from a justice of the peace, wherein John W. Barlow, grantee of Cora B. Lewis, had sued complainant to recover possession of the lands in controversy upon the ground that the agreement to convey had been forfeited, the parties entered into a stipulation of settlement, wherein the lands were divided, the effect of the stipulation being an abandonment of the said contract relied upon in the bill.

Upon the hearing before the court a decree was entered dismissing the bill for want of equity. Complainant prosecutes this writ of error to reverse that decree.

CHIPERFIELD & CHIPERFIELD, for plaintiff in error.

LUCIEN GRAY, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Upon an examination of the record we find that the parties, by their stipulation in the circuit court in the forcible detainer proceeding, abandoned the contract

which is the basis of complainant's bill. That proceeding was begun August 31, 1899, against plaintiff in error, to recover the possession of the lands herein involved. A hearing before the justice resulted in a judgment in favor of the plaintiff. The defendant appealed the case to the circuit court, but before the cause was heard in that court the parties entered into a stipulation of settlement, as follows:

"It is hereby stipulated and agreed herein between the parties hereto, as follows: -

"*First*—That judgment shall this day be entered herein for plaintiff for possession of the premises described in the complaint herein and for costs of suit against defendant.

"*Second*—That the damages from the date of the judgment before the justice of the peace to this date for withholding premises from plaintiff shall be and the same are hereby fixed at the sum of $20, and the same is full damages on said bond, except costs herein taxed to date.

"*Third*—That plaintiff, joined by his wife, shall quit-claim to defendant at once the following described parts of the said premises: Commencing at a point three rods north of the north-east corner of lot No. 1, in Ellisville; thence north twelve rods; thence west six rods; thence south twelve rods; thence east six rods to the place of beginning, being part of the south-west quarter of section 32, township 8, north, range 2, east of fourth principal meridian, in Fulton county, Ill.

"*Fourth*—That writ of possession is not to issue herein until after November 9, A. D. 1899; that defendant will surrender possession of all the premises described in the complaint herein, except the six by twelve rods described in clause 3 of this stipulation, to plaintiff on November 10, A. D. 1899.

"Dated at Lewistown, Illinois, October 31, A. D. 1899.

JOHN BARLOW,
CHAS. F. ROBISON."

A judgment was entered in accordance with this stipulation, and a deed was made to plaintiff in error for the six by twelve rod piece mentioned therein. Plaintiff in error continued in possession of the whole of the lands for some time thereafter, but entered into a written lease from Barlow therefor. The making of this stipulation, the deed and the lease, clearly amount to an abandon-

ment of the rights of plaintiff in error in the contract for a deed upon which he relies in this proceeding. These facts are in no way explained by the plaintiff in error by way of justifying his course in the filing of this bill. Under the evidence we are at a loss to perceive how the chancellor could have done otherwise than dismiss the bill for want of equity.

The decree of the circuit court will accordingly be affirmed.                                         *Decree affirmed.*