(No. 15978.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD JACKSON, Plaintiff in Error.

*Opinion filed June 17, 1924.*

1. CRIMINAL LAW—*verdict must find material facts to establish the crime charged.* The verdict of the jury finding the defendant guilty must contain a finding of all the material facts necessary to establish the crime charged.

2. SAME—*verdict of guilty of simple larceny or receiving stolen property must find value of property stolen.* A general verdict of guilty is not enough where the place of imprisonment depends upon the value of the property involved, and where the indictment charges simple larceny (not from the person) and receiving stolen property, a general verdict of "guilty in manner and form as charged in the indictment," without finding the value of the property, is not sufficient.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WALTER P. STEFFEN, Judge, presiding.

KAI P. HAMMER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The indictment on which plaintiff in error stands convicted contains two counts, the first charging larceny of a purse and $69 in money, and the second charging the offense of receiving stolen property, the property involved being the same. There was a trial by jury and the following verdict returned: "We, the jury, find the defendant, Edward Jackson, guilty in manner and form as charged in the indictment." A motion in arrest of judgment was made

and overruled. Thereupon plaintiff in error was sentenced to the penitentiary for a term of years not to exceed the maximum term fixed by statute. He prosecutes this writ of error to review that judgment.

No principle of law is better established than that the verdict of a jury must contain a finding of all the material facts necessary to establish the crime charged. (*People* v. *Lee,* 237 Ill. 272; *Donovan* v. *People,* 215 id. 520.) Where the charge is larceny the verdict of guilty must find the value of the property stolen, (*Burke* v. *People,* 148 Ill. 70; *Highland* v. *People,* 1 Scam. 392;) and the value of the property received must be found where the charge is receiving stolen property. (*Thompson* v. *People,* 125 Ill. 256; *Sawyer* v. *People,* 3 Gilm. 53.) A general verdict of guilty is not enough where the place of imprisonment depends upon the value of the property involved. (*Tobin* v. *People,* 104 Ill. 565.) If the indictment had charged larceny from the person (which it did not) then a general verdict of guilty would have been sufficient, because the punishment for that offense is imprisonment in the penitentiary, whatever the value of the property stolen. (*People* v. *Harris,* 302 Ill. 590.) The jury found plaintiff in error guilty of simple larceny or of receiving stolen property, and in either case it was necessary that the value of the property be fixed so that the court could determine the punishment to be imposed. The court erred in sentencing plaintiff in error to imprisonment in the penitentiary.

The judgment is reversed and the cause remanded to the criminal court of Cook county.

*Reversed and remanded.*