## The People of the State of Illinois, Defendant in Error, v. William S. Moore, Plaintiff in Error.

### Gen. No. 31,172.

1. LARCENY—*what essential to conviction.* To convict defendant of the crime of larceny of plumbing goods which he had paid for and received from the clerk by whom they were unlawfully taken from the owner, it is essential to show that he knowingly abetted, aided, encouraged or advised such wrongful carrying away.

2. EMBEZZLEMENT—*what essential to conviction.* To convict defendant of embezzlement under Cahill's St. ch. 38, ¶ 186, by converting to his own use plumbing goods which he had paid for and received from the clerk by whom they were unlawfully taken from the owner, it is essential that they first be shown lawfully in his possession by reason of a fiduciary relation with the owner.

3. EMBEZZLEMENT—*what does not constitute.* The shipping clerk of a plumbing goods wholesaler does not have such a position of trust as to make his unlawful carrying away of his master's goods an embezzlement, but such act was a larceny and one who knowingly purchased the goods from him would not be guilty of embezzlement.

4. CRIMINAL PROCEDURE—*when amendment of order continuing cause for sentence immaterial.* Although a court order, *nunc pro tunc,* amending an order in a criminal case continuing the cause for sentence after a finding of guilty, entered at the preceding term from which the case had not been continued over was unwarranted, it was not necessary, for the court had power to take the matter of sentence under advisement until the succeeding term.

5. LARCENY—*when evidence insufficient to sustain conviction.* Evidence which shows that one accused of larceny of plumbing goods received them on the claim that they were seconds from a clerk whom he did not know had stolen them, and paid the price asked, and made no effort to conceal any of his acts, does not show such guilty knowledge of the theft as warrants conviction of larceny.

Error by defendant to the Criminal Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Reversed and remanded. Opinion filed March 2, 1927.

CHARLES S. WHARTON, for plaintiff in error; JOSEPH R. ROACH, of counsel.

ROBERT E. CROWE, State's Attorney, for defendant in error; CLARENCE E. NELSON and EDWARD E. WILSON, Assistant State's Attorneys, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

On November 16, 1925, an indictment was returned by the grand jury of Cook county against the defendant William S. Moore. The indictment was in two counts: The first charged larceny and the second, receiving stolen property. On March 22, 1926, the case came on for hearing and, on motion of the State's attorney, the felony charged in the indictment was waived, the defendant entered a plea of not guilty to petit larceny, a jury was waived and the cause submitted to the court, who, after hearing the evidence, found the defendant guilty of petit larceny and fixed the value of the property stolen at $14. Thereupon counsel for the defendant moved that sentence be not imposed until a later date. The motion was allowed and the cause continued until April 4, 1926. The next that appears from the record is that on April 9, 1926, the court entered an order correcting the order of March 22nd so as to show that the time for sentencing the defendant was "postponed for two (2) weeks, into the April term, Monday April fifth (5th) A. D. 1926 and that said order is to be made *nunc pro tunc* as of March 22nd, A. D. 1926." The record then shows that the defendant moved in arrest of judgment that the

motion was overruled and he excepted, and thereupon the defendant was sentenced to serve six months in the common jail of Cook county and to pay a fine of $1. The judgment order as shown in the common-law record does not show any objection by the defendant to that part of the order purporting to correct the order of April 22nd above-mentioned, but in the bill of exceptions, it appears that this correction was made over objection of counsel for the defendant.

The evidence shows that the defendant was engaged in a small way in the plumbing business in Evanston, and that during the months of March and April three deliveries of plumbing supplies were made to him through one Bond who was employed by the Wolf Manufacturing Corporation, a wholesale plumbing supply house, located in Chicago; that Bond was employed as shipping clerk by the Wolf Manufacturing Corporation; that he lived in Evanston and had known the defendant for a few years; that the plumbing supplies in question were the property of the Wolf Manufacturing Corporation and delivered by one of its drivers in the ordinary way to the defendant in Evanston. The evidence further shows that about the next day after the first and second deliveries were made, the defendant paid Bond by check. After the third delivery, the defendant testified he became suspicious as to whether Bond had authority to sell him the supplies and a few days thereafter, the Wolf Manufacturing Corporation demanded payment for the three deliveries, which aggregated over $500 and informed Moore at that time the property had been stolen from them by Bond and that Bond had given none of the money received from the defendant to them. The evidence in more detail will be hereinafter referred to.

Counsel for the defendant contends that the evidence shows that if the defendant was guilty of any offense,

it was that species of larceny defined by the statute as embezzlement and that since the plaintiff charged the defendant not with that species of larceny, but with the ordinary common-law larceny, the judgment cannot stand, because the proof shows one offense and the indictment charges another.

It is essential to the crime of larceny that the accused has wrongfully taken and carried away the property of another; or that, before or at the time of the theft, he had knowingly abetted, aided, encouraged or advised such wrongful taking away or carrying away of the property. *Watts v. People,* 204 Ill. 233. Embezzlement is defined in our statute as follows: ''Whoever embezzles or fraudulently converts to his own use, or secretes, with intent to embezzle or fraudulently converts to his own use, money, goods or property delivered to him, which may be the subject of larceny, or any part thereof, shall be deemed guilty of larceny.'' (Cahill's St. 1925, ch. 38, ¶ 186.) And it has been held that the distinguishing element of the crime of larceny is the taking and carrying away of the property which is the subject of the larceny, while to constitute the crime of embezzlement, the property must be lawfully in the possession of the accused by the reason of some fiduciary relation between the accused and the owner. *People v. Ehle,* 273 Ill. 424; *Hobbs v. People,* 183 Ill. 336; 20 C. J. 418. It has been held that where a statute makes embezzlement larceny the indictment charging embezzlement must set out the acts of embezzlement. *Kibs v. People,* 81 Ill. 599.

In the instant case, however, we think it clear that the evidence does not in any way prove that the defendant was an embezzler within the meaning of our statute; nor could it be said that under the evidence Bond was guilty of embezzling the property of the Wolf Company. At most, he had the mere custody or naked possession of it. He was but a shipping

clerk for the Wolf Manufacturing Corporation and was clearly guilty of larceny, that is, of carrying away the plumbing supplies of the Wolf Manufacturing Corporation. In 20 C. J., *supra,* it is said: "As has been stated, the distinguishing element of embezzlement is the conversion of property lawfully in the possession of the person converting it, * * * to constitute embezzlement, such possession must be something more than the mere custody or naked possession of the property converted; for if the servant or other person occupying a fiduciary relation has only the custody, his wrongful appropriation of the property to his own use would be larceny rather than embezzlement." If the evidence shows that the defendant was an accessory, he might properly be indicted as principal. *Lionetti v. People,* 183 Ill. 253. We are clearly of the opinion that the contention of counsel for the defendant, to the effect that if the defendant were guilty of any offense it would be that species of larceny defined as embezzlement, is unwarranted.

The defendant further contends that since the cause was heard and he was found guilty March 22nd, which was in the March term of the criminal court of Cook county, and since the case was not continued to the April term, the court was without jurisdiction to sentence him on April 9th, which was during the April term of that court, and that the order entered on April 9th, which purported to amend the order of March 22nd *nunc pro tunc* as of the latter date, was unwarranted because there was no memorandum, memorial paper, or minute which would justify such order. April 4th was Sunday. The last day of the March term was Saturday, April 3rd, and the first day of the April term was Monday, April 5th. The record discloses that the court made the *nunc pro tunc* order from his memory and from that of one of the attorneys. We think the order was unwarranted, but we are also of

the opinion that it was unnecessary because the court might on March 22nd, when the defendant was found guilty, properly take the matter under advisement to consider the nature of the sentence that should be imposed, for a reasonable length of time, even though that might extend into the next term of court. *People ex rel. Boenert v. Barrett,* 203 Ill. 287. In that case it was said that there could be no doubt that the court had the right to delay pronouncing judgment for a reasonable time, but that it could not suspend judgment indefinitely, and that when there was an unexplained delay of imposing sentence for more than two years after conviction, the court was without jurisdiction to sentence the defendant. The question is rather elaborately discussed and the authorities considered, and the implication clearly is that where, after conviction, the court took the matter under advisement to consider what sentence should be imposed, sentence might thereafter be imposed within a reasonable time. The cases of *People ex rel. Fensky v. Leinecke,* 290 Ill. 560; *People v. Cahill,* 300 Ill. 279, cited by counsel for the defendant, are not in point. In the *Leinecke* case, the defendant was found guilty at the June term of the DuPage county court, 1918, and was sentenced to pay a fine of $100 on each of the first five counts. Judgment was suspended as to the remaining seven counts. November 27, 1918, being still the June term, a mittimus was issued and the defendant was taken into custody. It does not appear that the court ever attempted to sentence the defendant under the seven remaining counts and as to these it was held that the court was without jurisdiction to impose sentence. It does not appear what time had elapsed since the defendant was found guilty and the filing of the original petition for habeas corpus in the Supreme Court, but at least nine months had elapsed. The *Cahill* case involved a construction of the Probation Act [Cahill's

St. ch. 38, ¶ 813 *et seq.*], and it was there said *inter alia* that where one was found guilty, sentence could not be indefinitely suspended.

The defendant further contends that the judgment is wrong and should be reversed because the evidence does not show he was guilty beyond a reasonable doubt. We think this contention must be sustained. The facts were not as fully presented upon the trial as they should have been. Bond was a confessed thief; he had been indicted, although the learned trial judge expressly stated that the State's attorney should proceed against him. The evidence shows that the defendant had lived for 35 years in Evanston and had been engaged in the plumbing business for 30 years. He apparently had two grown sons who are in the same business at Des Plaines, although this is not made clear. He testified that he had known Bond for a few years; that Bond called at the defendant's home and stated that he was working for the Wolf Manufacturing Corporation and that they sometimes had some "seconds" which he was permitted to dispose of for himself; that shortly afterwards, in accordance with the agreement between defendant and Bond, some plumbing supplies were delivered to the defendant by one of the drivers of the Wolf Manufacturing Corporation, and that the defendant signed a receipt for the goods and delivered it to the driver; that about the next day Bond called for payment and the defendant made out his check to Bond's order for $80; that some few weeks later a second delivery was made in the same manner and apparently this was receipted for in the defendant's absence by his wife and later the defendant gave Bond his check for $75 or $80 in payment of these goods; that a few weeks later the third delivery was made and among the plumbing goods in this delivery was a large bathtub, which the defendant testified he had no use for. He then became suspicious as to whether Bond

had told him the truth, viz:—that he had the right to sell the property. The evidence further shows that a few days thereafter a representative of the Wolf Manufacturing Corporation called upon the defendant and demanded of him something over $500 in payment of the goods which defendant had received through Bond; that the defendant refused, stating that he had paid Bond for the first two deliveries, and the evidence shows without dispute that the defendant explained the whole situation at this time. Invoices were offered in evidence of the three deliveries, but they are not in the record.

A careful consideration of all the evidence in the record discloses the fact that the defendant made no effort to conceal anything that he had done. He receipted for one and his wife receipted for another of the deliveries and he gave his checks in payment. He did not attempt to conceal any of the facts when called upon for payment by the representative of the Wolf Manufacturing Corporation and his actions indicate that his version of the transaction with Bond was not dishonest. At least we are of the opinion that the evidence does not show beyond a reasonable doubt that he was acting dishonestly, and there was not presented all that should have been presented on behalf of the defendant. We think we ought to say, however, that counsel for defendant in this court did not represent him in the trial court.

In a criminal case where a reviewing court, upon careful consideration of all the evidence, is unable to say that the defendant is guilty beyond a reasonable doubt, it is its duty to reverse the judgment, and for this reason the judgment of the criminal court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

TAYLOR, P. J., and THOMSON, J., concur.