(No. 22336.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH CRANE, Plaintiff in Error.

*Opinion filed April 21, 1934.*

BENJAMIN C. BACHRACH, and LESTER N. GROSSMAN, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Plaintiff in error was convicted and sentenced in the criminal court of Cook county on an indictment charging a second offense of grand larceny under the Habitual Criminal act. (Smith's Stat. 1933, chap. 38, par. 602.) The common law record is brought here for review upon writ of error, it being contended that the indictment, verdict and judgment are not sufficient to bring the plaintiff in error within the provisions of the act mentioned.

The indictment, in substance, charges that on April 9, 1929, the plaintiff in error feloniously stole, etc., one automobile of the value of $2500, the personal goods and property of the Yellow Cab Company, a corporation. It then alleges in apt terms a prior judgment and conviction rendered at the August term, 1923, of the criminal court of Cook county against plaintiff in error. The prior indictment upon which he was convicted in 1923 charged him with having feloniously stolen one automobile of the value of $1500, the personal goods and property of the Peter Schoenhofen Brewing Company, a corporation. In the present case the jury returned a verdict finding the plaintiff in error guilty of the larceny of a motor vehicle in manner and form as charged in the indictment, finding that the value of the property stolen was $900, and fur-

ther finding from the evidence that the plaintiff in error was theretofore convicted of the offense of larceny in manner and form as charged in the indictment. His age was found to be twenty-eight years. Thereupon the court entered a judgment and sentence against him, adjudging him guilty of the crime of larceny of a motor vehicle, and further finding and adjudging that he had theretofore been convicted of the offense of larceny in manner and form as charged in the indictment. The sentence of the court was that he be confined in the penitentiary at Joliet for a term of years not to exceed the maximum term fixed by statute for the crime whereof he stands convicted.

The section of the Habitual Criminal act in question, in so far as it is important in this case, provides, in substance, that whenever any person having previously been convicted of burglary, grand larceny, horse stealing, robbery, forgery or counterfeiting, shall thereafter be convicted of any one of such crimes committed after such previous conviction, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crime at the time of such last conviction.

Larceny is defined in the Criminal Code as "the felonious stealing, taking and carrying, leading, riding, or driving away the personal goods of another." That portion of the Criminal Code applying to grand larceny provides: "Every person convicted of larceny if the property stolen exceeds the value of $15 * * * shall be imprisoned in the penitentiary not less than one, nor more than ten years; if the property stolen * * * is of the value of $15 or less, the person convicted shall be confined in the county jail," etc. Another section of the Criminal Code (par. 388a) defines and punishes the larceny of a motor vehicle in the following words: "Whoever shall feloniously steal any motor vehicle, the personal property of another, shall be deemed guilty of felony, and shall be imprisoned in the penitentiary not less than one nor more than twenty years."

It is important to notice that this last section does not require either allegation or proof of value of the motor vehicle in question.

It is argued by plaintiff in error that the larceny of a motor vehicle is not one of the crimes included in the Habitual Criminal act, and that the term "grand larceny," as mentioned in that act, cannot be interpreted as including the larceny of a motor vehicle. It is therefore urged that the court should have quashed that portion of the indictment referring to a former conviction, and that the court erred in receiving and permitting the verdict in question to be filed and in overruling plaintiff in error's motion for a new trial and in arrest of judgment, and erred in sentencing him to the penitentiary for the term of from one to twenty years. On the last point it is to be noted that the sentence of the court was not one committing the plaintiff in error to the penitentiary for twenty years but for an indeterminate time, which point will be noticed later in this opinion.

Larceny is a generic term, within the broad outlines of which there are many different offenses. These include petit larceny, grand larceny, larceny from the person, larceny of an automobile, larceny of a horse, larceny by embezzlement, and others. The basic distinction between the different kinds of larceny is principally a matter of the punishment to be inflicted, requiring different allegations and different proofs for the various grades and degrees of the crime. The distinction between grand larceny and petit larceny is merely a recognition on the part of the courts, which has obtained in this State since 1833, of the different punishments inflicted where the value of the property is more or less than the fixed statutory sum. (*People v. Burke*, 313 Ill. 576.) In those particular types of crime which are included within the generic term "larceny," where the place or duration of punishment depends on the allegation and proof of the value of the property stolen, this

value must be set forth and proved. (*People* v. *Jackson*, 312 Ill. 611.) In such a case a general verdict finding the defendant guilty in manner and form as charged in the indictment is insufficient. *People* v. *Jackson, supra.*

There are several forms of larceny wherein the value of the property is not material and wherein it is not necessary to either allege or prove it. Thus, in the case of *Hoge* v. *People,* 117 Ill. 35, the defendant was indicted for horse stealing, without any allegation as to the value of the horse. Although the judgment was reversed for erroneous instructions, the court held that it was not necessary to either allege or prove the value of the horse, inasmuch as the Criminal Code provided that "whoever feloniously steals or takes any horse * * * shall be imprisoned in the penitentiary not less than three nor more than twenty years." The court said: "This section is entirely independent of sections 215 and 216 of the same code, and was clearly, in our opinion, intended to make horse stealing a more serious crime than larceny in general." In the later case of *McDaniels* v. *People,* 118 Ill. 301, a conviction was sustained under an indictment charging the larceny of a railroad ticket, without any allegation or proof as to its value. This was pursuant to a section of the Criminal Code making such theft a felony, regardless of the value of the property stolen.

The modern counterpart of the Horse Stealing act, which was originally passed in 1865, is to be found in the legislation imposing a special penalty for the larceny of an automobile. The section of the Criminal Code quoted above does not attempt to define larceny but simply provides that anyone who shall feloniously steal any motor vehicle, etc., shall be guilty of felony and imprisoned in the penitentiary. This amendment to the Criminal Code was enacted in 1927 and was not a part of our law at the time the plaintiff in error was first indicted and convicted, as shown by the record herein. It is thus apparent that

the first indictment involved in this case was one for grand larceny and was in the usual grand larceny form. It was at that time necessary that the indictment should allege and the proof show a value in excess of $15, and both allegation and proof were made and a judgment entered thereon.

These considerations bring us to the essential point in this case as to whether the second offense charged is grand larceny, and if so, if it was properly so laid or must it necessarily have been charged under the act of 1927 making it a felony to steal a motor vehicle, regardless of its value. It is important to note that the second offense is charged in the same manner and in the same words as the first offense—*i. e.,* the indictment alleges the ownership of property and its value, which last allegation would be immaterial and unnecessary if the indictment were intended to be placed under the act of 1927.

It sometimes happens that a single state of facts will constitute a violation of more than one criminal statute. Thus, an ordinary street fight might constitute assault and battery, disturbance of the peace, or in certain instances a riot. The rule in such cases is that the People may elect under which statute the defendant is to be indicted. (Bishop on Stat. Crimes, par. 1027; *Commonwealth* v. *Barbour,* 89 S. W. (Ky.) 479; *Bonahoon* v. *State,* 178 N. E. (Ind.) 570, 79 A. L. R. 453.) In the case before us the People might have elected, had they seen fit, to indict the defendant under the act of 1927 making it a felony to steal a motor car. They elected, however, to indict him for grand larceny, thereby assuming the additional burden of proving the value of the property to be in excess of $15. By adding this additional allegation, and making the necessary proof under it, the People brought the case within the exact terms of the Habitual Criminal act, and the judgment of conviction must therefore be sustained.

Under the Habitual Criminal act it is necessary that the plaintiff in error be sentenced for the full term provided by law for grand larceny, and his commitment should be, therefore, to the penitentiary for the term of ten years. In entering judgment the court found him guilty of the crime of larceny of a motor vehicle and sentenced him to the penitentiary for a term of years not to exceed the maximum term fixed by statute for the crime whereof he stands convicted. The provisions of the Habitual Criminal act do not permit an indeterminate sentence but require a commitment for the full term provided as a punishment for the crime of which the defendant is last convicted. That maximum term in case of grand larceny is ten years, and it is necessary that sentence in accordance therewith be entered in this case.

The judgment of the criminal court of Cook county is reversed and the cause is remanded to that court, with directions to enter a judgment finding the defendant guilty of grand larceny and sentencing him to the penitentiary for the term of ten years.

*Reversed and remanded, with directions.*

Mr. JUSTICE JONES, dissenting:

The majority of the court hold that the indictment sufficiently charged plaintiff in error with the crime of grand larceny. With that holding I agree, but I am not in accord with the theory of the law nor the reasoning by which the majority of the court reached their conclusion. My views are set forth in the dissenting opinion in *People* v. *Parker,* (*post,* p. 301.)

Mr. JUSTICE STONE, also dissenting.