(No. 24978.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JACK CHISHOLM, Plaintiff in Error.

*Opinion filed February 20, 1939.*

W. G. Anderson, (Hugh W. Housum, of counsel,) for plaintiff in error.

John E. Cassidy, Attorney General, Thomas J. Courtney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, and Blair L. Varnes, of counsel,) for the People.

Mr. Chief Justice Shaw delivered the opinion of the court:

In 1936, the plaintiff in error was a clerk in the office of Joseph L. Gill, county treasurer and *ex officio* county collector of Cook county. He was indicted under the provisions of section 80 of the Embezzlement statute. (Ill. Rev. Stat. 1937, chap. 38, par. 214.) This section provides, in substance, that if any such clerk embezzles or fraudulently converts to his own use any money, etc., in the possession of such officer by virtue of his office, he shall be imprisoned in the penitentiary not less than one nor more than fifteen years. There was a general verdict and finding of guilty in manner and form as charged in the indictment, but there was no special finding as to the value of the property converted.

Only the common law record is brought to this court, it being the contention of the plaintiff in error that the crime is larceny by embezzlement, and that a finding of value is essential to sustain a judgment of guilty. He refers to various sections of the Embezzlement statute each of which concludes with the words "shall be deemed guilty of larceny," but it must be noted, at the outset, that no such words appear in section 80.

In *People* v. *Crane,* 356 Ill. 276, we have pointed out that the term "larceny" is a generic term within which there are many different offenses. So it is with the term "embezzlement," as a reference to the act will disclose. In the *Crane case* we called attention to the fact that there were different kinds of larceny, in some of which it was unnecessary either to allege or prove the value of the property. In that case we also pointed out that in those types of larceny wherein the place or duration of punishment depended on the value of the property stolen, it became necessary to allege and prove a value, but that in other cases, such as the theft of a horse, theft of an automobile, theft of a railroad ticket, etc., no such allegation or proof was required.

So it is with embezzlement. It is a generic term including a number of different offenses, some of which are declared to be larceny, and as to these it may be necessary to allege and prove some value. Such is not the case before us. Section 80 does not declare the crime to be larceny, but merely provides that whoever commits the prohibited acts shall be imprisoned in the penitentiary not less than one nor more than fifteen years.

The cases cited by the plaintiff in error all refer either to larceny or to such types of embezzlement as are declared to be larceny. Their discussion here is neither necessary nor appropriate. The plaintiff in error was charged with misappropriating $3200 of the lawful money of the United States, and the general verdict finding him guilty in the manner and form as charged in the indictment is clearly sufficient under the provisions of that section of the statute upon which the verdict is founded.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*