(No. 26008. )
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN SAROSIEK, Plaintiff in Error.

*Opinion filed February 18, 1941.*

BENJAMIN C. BACHRACH, and FRANK J. FERLIC, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and LESLIE V. CURTIS, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The indictment upon which plaintiff was convicted in the criminal court of Cook county contained three counts: First, robbery while armed with a dangerous weapon, second, robbery while armed with a dangerous weapon, and a previous conviction of larceny from the person of another, no value being alleged, and third, plain robbery. On a trial before the court without a jury he was found guilty of "robbery with a gun" and it was further found that he had been previously convicted of larceny from the person of another. He was sentenced to the Illinois State Penitentiary for life under the Habitual Criminal act. (Ill.

Rev. Stat. 1939, chap. 38, par. 602.) A writ of error has been sued out to review the common law record.

The question presented is whether a conviction of robbery while armed with a dangerous weapon, and proof of a previous conviction of larceny from the person of another, no value being stated, will sustain a judgment of commitment under the Habitual Criminal act. The only point argued is whether the term "grand larceny," as used in the act, includes, the offense of larceny from the person.

The pertinent provisions of the Habitual Criminal act provide that whenever "any person having been convicted of either the crimes of burglary, grand larceny, horse stealing, robbery, forgery or counterfeiting shall thereafter be convicted of any one of such crimes committed after such previous conviction, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crime at the time of such last conviction."

Section 167 of division 1 of the Criminal Code (Ill Rev. Stat. 1939, chap. 38, par. 387) defines larceny as the "felonious stealing, taking and carrying, leading, riding or driving away the personal goods of another. * * * Private stealing from the person of another * * * shall be deemed larceny." Prior to the amendment of paragraph 389 of the Criminal Code in 1921, the punishment for larceny from the person was determined by the value of the property stolen. If the value was $15 or less, it was punishable as petit larceny. If the value was in excess of $15 it was a felony and punishable as grand larceny. In 1921 the paragraph was amended to provide: "Every person convicted of larceny, if the property stolen exceeds the value of $15, or if the property is stolen from the person of another, shall be imprisoned in the penitentiary not less than one nor more than ten years; if the property stolen has not been stolen from the person of another and is of the value of $15 or less" the penalty is confinement in the county jail or labor in the workhouse or upon the streets

or alleys of the city or public roads of the county not exceeding one year and a fine not exceeding $100. The effect of the amendment was to make the value of the property stolen from the person of another an immaterial matter. It was not necessary to allege or prove the same.

In *People* v. *Crane,* 356 Ill. 276, it was held there was a distinction between the offense of larceny as referred to and defined in paragraph 387, and the theft of a motor vehicle as defined under paragraph 388*a* of the Criminal Code, and that such difference rested upon the necessity of alleging and proving the value of the property stolen where larceny, grand or petit, was charged and the immateriality of such allegation and proof where the offense was the theft of a motor vehicle. It was held that the latter offense did not come within the meaning of the term "grand larceny" as used in the Habitual Criminal act. The *Crane case* was followed in *People* v. *Parker,* 356 Ill. 301, where it was said: "As pointed out in that case, [Crane case] the larceny of a motor vehicle is a crime separate and distinct from either grand larceny or petit larceny, the element of value not entering into its definition and not being material as a matter of pleading or proof." *People* v. *Smitka,* 356 Ill. 624, involved the application of the same principle and the court said: "Manifestly, where there is an absence of a finding of the value of the automobile stolen, a conviction of the larceny of a motor vehicle is not a conviction, within the contemplation of section 1 of the Habitual Criminal act, of the crime of grand larceny."

By the rule announced in the foregoing authorities it is settled that the scope of the cases included within the term "grand larceny," as it is used in the Habitual Criminal act, is limited to those cases of larceny where, in the previous conviction, there was an allegation and proof of the value of the property stolen showing it to have been in excess of $15 and a conviction for such offense. In the instant

634

case, the previous conviction relied upon was larceny from the person of another without allegation, proof or finding that the property stolen exceeded $15. Under the rule announced, such former conviction was not "grand larceny" within the meaning of that term as used in section 1 of the Habitual Criminal act. (*People* v. *Smitka, supra.*) The court erred in sentencing plaintiff in error under such act.

The court made a general finding that plaintiff in error was guilty of "robbery with a gun." Under the views expressed, plaintiff in error's request that the judgment be reversed and the cause remanded for a sentence to the penitentiary for "robbery with a gun" must be allowed.

The judgment of the criminal court is reversed and the cause remanded, with directions to enter a judgment committing the defendant to the Illinois State Penitentiary in accordance with the penalty fixed by statute for robbery while armed with a dangerous weapon.

*Reversed and remanded, with directions.*