(No. 30948.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES McKAY, Plaintiff in Error.

*Opinion filed May 19, 1949.*

CHARLES McKAY, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, W. S. MIROSLAWSKI, and PETER G. KUH, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

At the February Term, 1947, the grand jury of the criminal court of Cook County returned an indictment against the plaintiff in error, Charles McKay. The indictment consisted of two counts. Count one charged defendant with feloniously stealing one billfold and twenty-five dollars, the property of one J. C. Johnson. Count two was a repetition of count one with the further allegation that the property was stolen from the person of J. C. Johnson.

On February 24, 1947, the plaintiff in error was arraigned and, not being represented by counsel, the court, of its own motion, appointed Francis T. McCurrie, public defender, as counsel for the defendant. On the same date the plaintiff in error pleaded not guilty, the case was assigned to the calendar of Judge Elmer J. Schnackenberg, and the cause continued for trial to March 21, 1947. On that date a jury was waived by plaintiff in error, and after being warned by the court of his right to a trial by jury, the defendant adhered to his decision to submit his case for trial without the intervention of a jury. On that same date the trial proceeded and a portion of the testimony was heard. On motion of counsel for the plaintiff in error, the further hearing was continued to April 7, 1947. On that date the testimony was concluded and the court found plaintiff in error, Charles McKay, "guilty of larceny from person" in manner and form as charged in the indictment. After motion for a new trial had been overruled and motion in arrest of judgment denied, the court entered judgment and sentenced plaintiff in error to the Illinois State Penitentiary for a term of years not less than three nor more than ten years. McKay has sued a writ of error out of this court to review his record of conviction. The cause is submitted on the common-law record with two assignments of error, first, that the judgment of the court below is erroneous and insufficient to sustain a conviction for larceny in that there is no finding of value of the property alleged to have been stolen, and second, that the trial court erred when, of its own motion, it appointed the public defender as counsel for the defendant.

In the first contention of plaintiff in error, he misconstrues the statute governing the charge of larceny. It is well settled that prior to the 1921 amendment of the section of the Criminal Code relating to the punishment for larceny, the penalty was determined by the value of the property stolen. If the value was $15 or less, it was a

misdemeanor and punishable as petit larceny. If the value was in excess of $15 it was a felony and punishable as grand larceny. The amendment to the section in 1921 (Laws of 1921, p. 404,) in part reads as follows: "Every person convicted of larceny if the property stolen exceeds the value of fifteen dollars, or if the property is stolen from the person of another, shall be imprisoned in the penitentiary not less than one nor more than ten years: * * *."

In passing on this section of the statute in *People* v. *Sarosiek*, 375 Ill. 631, we said: "The effect of the amendment was to make the value of the property stolen from the person of another an immaterial matter. It was not necessary to allege or prove the same." The failure of the court in this case to make a finding fixing the value of the property stolen from the person of another was not erroneous or insufficient.

The second and last contention of plaintiff in error is that the court erred when, of its own motion, it appointed the public defender as counsel for defendant, which action he insists is unauthorized by the laws of Illinois and deprived him of his constitutional right to defend by counsel of his own choice. This exact question has been heretofore considered by this court in *People* v. *Montville*, 393 Ill. 590, where we held: "The appointment of the public defender by the court seems to have been voluntary upon the part of the court, but no exception or objection was registered by plaintiff in error, and while it would be improper to appoint the public defender over the objection of plaintiff in error or to take the place of counsel which a defendant might select himself, there is nothing to show the defendant was deprived of any right, but he was in fact given assistance not required by law to have extended to him."

In this case there was no bill of exceptions filed and the common-law record does not show any objection or protest on the part of defendant over the appointment of the public defender as his counsel. Neither is there any sug-

gestion in the record that the services of the public defender were forced upon him. The record discloses that the defendant was accorded every opportunity for a fair trial and that there was no invasion of his constitutional rights.

The judgment of the criminal court of Cook County is, therefore, affirmed.

*Judgment affirmed.*