(No. 34391.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MICHAEL JANOSKI, Plaintiff in Error.

*Opinion filed September 20, 1957.*

RUDOLPH A. VASALLE, and HARRY G. FINS, both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and WILLIAM L. GUILD, State's Attorney, of Wheaton (FRED G. LEACH, and WILLIAM J. BAUER, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

After a trial without a jury in the circuit court of Du Page County, Michael Janoski was found guilty under each of three indictments each charging him with reckless homicide. His punishment under the first indictment was fixed at imprisonment in the Illinois State Farm at Vandalia for a period of six months; under the second indictment, to the same institution for a period of six months, the sentence to run consecutively with the sentence under the

first indictment; and under the third indictment, to the same institution for a period of six months, but the sentence was to run concurrently with the sentence on the second indictment. Upon writ of error in the Appellate Court for the Second District the cases were consolidated for review and the judgments were affirmed. (*People* v. *Janoski,* 13 Ill. App. 2d 56.) Defendant now brings the record to this court by writ of error for further review. The sole contention of the defendant is that there is no legal evidence in the record to sustain the conviction against him.

In its opinion the Appellate Court reviewed the facts in great detail and no useful purpose will be attained by repeating them in this opinion.

Briefly, the uncontradicted evidence shows that on more than one occasion defendant intentionally bumped a car which he was driving into the rear of an automobile driven by one Fleetwood and that at no time was the Fleetwood car bumped or driven into defendant's car. The only conflict in the evidence is as to the place in the road, the position of the defendant's car, the Fleetwood car and the car of the one eyewitness Miller, when the last bumping of Fleetwood's car was done by the defendant. Miller, who was also traveling in the same direction in his car just as it was passed by the two other cars testified that the automobile driven by the defendant was bumping or pushing the car driven by deceased after the cars had passed him and had returned to the right side of the road at a speed in the vicinity of seventy miles an hour. He further testified that immediately following such bumping or pushing the Fleetwood car left the road and crashed into a culvert resulting in the death of Fleetwood and two other persons riding in the Fleetwood car.

Defendant's principal contention is that the testimony of Miller is contrary to the laws of nature or contrary to human experience because his car was behind the defend-

ant's car and since he testified that he could not see between the Fleetwood car and the defendant's car, it was physically impossible for Miller to see the defendant's car bump the Fleetwood car and, therefore, the State failed to prove the defendant guilty beyond a reasonable doubt. With this we are unable to agree. Furthermore we have consistently held that we will not substitute our judgment on disputed facts for that of the jury or a judge sitting without a jury unless the evidence is so unsatisfactory and improbable as to raise a reasonable doubt. *People* v. *Banks,* 7 Ill.2d 119, 128; *People* v. *Stevens,* 11 Ill.2d 21.

We have examined the record, and conclude the Appellate Court was correct in holding that the judgments were warranted by the evidence. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*