(No. 35058.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES BATES, Plaintiff in Error.

*Opinion filed March 20, 1959.*

LAWRENCE E. SMITH, JR., and MOORE, MING & LEIGHTON, both of Chicago, (GEORGE N. LEIGHTON, of counsel,) for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, FRANCIS X. RILEY, and EDWIN A. STRUGALA, of counsel,) for the People.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:

At a trial conducted without a jury in the criminal court of Cook County on December 10, 1957, the defendant, James Bates, was convicted of stealing property having a value of some $1,450 from the person of one Amanda Anderson and was thereafter sentenced to the penitentiary for a term of not less than one nor more than five years. Upon writ of error it is contended (1) that the defendant was not proved guilty beyond a reasonable doubt, (2) that the indictment was insufficient, and (3) that a conflict exists between the findings and judgment entered in this case.

According to the prosecuting witness, she, Pearl Dusek, and Albert Gabriel had just left their place of employment at 3134 West Monroe Street in Chicago at about 4:30 P.M. on the afternoon of April 25, 1957, and were walking towards a nearby bus stop when two boys, whom she later identified as the defendant and a Riley Davis, approached them on foot from the opposite direction. As they did so, Amanda Anderson opened her purse and removed some small change to be used as bus fare, whereupon Davis grabbed the purse which contained two diamond rings and $3.90 in cash, shoved the prosecuting witness, and ran with the defendant down an alley to the west. In answer to her screams, Thomas Howard, a passer-by, offered to assist the victim in apprehending the culprits, and together with Pearl Dusek they followed Bates and Davis in the Howard automobile until they overtook them some four blocks away. At that point Howard grabbed defendant but was forced to release him when Davis commenced throwing bricks in his direction. Although the boys then fled, Howard again followed them to a house on Wilcox Street and Amanda Anderson called the police. When the officers arrived to place the pair under arrest, defendant was standing in front of the house talking with a third individual and Davis was found inside. Upon being searched

it was discovered that Davis had one of the rings and some change in his possession and that defendant had three one-dollar bills which Amanda Anderson identified as being the ones taken from her. In the latter respect it was her testimony that the bills were new, that she had secured them to give as gifts and that they were numbered serially, the last digits on them being 18, 19, and 20, respectively. Upon cross-examination, Amanda Anderson stated that at the time of the occurrence the defendant wore dark pants and a black and white checked jacket and was conspicuous because of his height of 6 feet, three inches. She also said that the ring found upon Davis was worth some $250 and the other ring, which was not recovered, had been appraised at more than $1,000.

Pearl Dusek gave a similar account and identified defendant as one of the two boys engaged in the theft. She did add, however, that a second car driven by another passer-by had also assisted in the chase. Thomas Howard testified that he happened to be standing near the place where the incident occurred and looked up as Amanda Anderson screamed to see Davis grab the purse, shove the prosecuting witness, and then run with defendant from the scene of the crime. He remembered that Bates was wearing a light sport jacket at the time and that his hair stuck up in an unusual manner. George Schwebke, a Chicago policeman, told of arresting the pair and of finding some change and the ring in Davis's possession and "some small change, identification cards, and different items" on the defendant's person. He also testified that upon interrogation Bates denied any participation in the act itself but insisted he was merely "with" Davis when the crime was committed.

Testifying in his own behalf, James Bates swore that he did not know Riley Davis and that he had not been at the scene of the crime. According to his account, he was walking along the street some four blocks from where the

crime occurred when a car pulled up and several individuals, including Amanda Anderson and Thomas Howard, grabbed him and began asking questions about a robbery. As he commenced to explain his innocence, someone started throwing bricks at his accusers whereupon he pulled loose and began walking towards home, only to be arrested by the police a short distance away. He denied making any statements concerning the location of the purse or receiving any property belonging to Amanda Anderson. Two character witnesses also testified in his behalf.

As the record indicates, three witnesses identified Bates as being at the scene of the crime, and a fourth, the police officer, swore that the defendant had admitted this fact in his presence. All pointed out that Bates's height was a distinguishing feature and each noticed other characteristics such as his dress, hair, and mouth. Although their accounts varied in some details, they generally agreed as to the occurrence itself and defendant's part therein, and except for denying his involvement, Bates himself corroborated many of the statements concerning events leading up to his arrest. We have many times stated that a judgment of the trial court will be reversed for insufficient evidence only where that evidence is so unreasonable, improbable, or unsatisfactory as to raise a reasonable doubt of defendant's guilt. (*People* v. *Janoski,* 12 Ill.2d 96; *People* v. *Coulson,* 13 Ill.2d 290.) Such is not the present case. It is our opinion that defendant was clearly shown to have taken part in the crime of which he stands convicted.

In attacking the sufficiency of the indictment, defendant contends not only that he was wrongfully convicted of larceny under a robbery indictment, but also that he was improperly charged as a principal upon facts showing him to be, at most, an accessory. With this we cannot agree. The record clearly shows that he was indicted, not for robbery alone, but for both robbery and larceny under a single count so as to support a conviction upon either, and

such practice has long been approved by this court. (*People v. Keene,* 391 Ill. 305; *People* v. *Rusk,* 348 Ill. 218; *Burke* v. *People,* 148 Ill. 70.) Neither was he improperly charged as a principal. Although a distinction was noted at common law, our Criminal Code now provides that an accessory before the fact shall be tried and convicted as principal, (Ill. Rev. Stat. 1957, chap. 38, par. 582,) and it is not essential that the indictment against such accessory describe the circumstances as they actually occurred, but it is sufficient if he is charged with the legal effect of acts performed by him. *Lionetti* v. *People,* 183 Ill. 253; *People* v. *Hedge,* 284 Ill. 513; *Usselton* v. *People,* 149 Ill. 612.

Finally, defendant argues that the judgment of the lower court was in conflict with its findings. According to the common-law record, at the close of all the evidence the court found "* * * the said defendant, James Bates, guilty of larceny, value of property One Thousand Four Hundred Fifty Dollars, in the manner and form as charged in the indictment." The judgment entered thereon states: "It is considered, Ordered, and Adjudged by the court that said defendant, James Bates, is guilty of the said crime of larceny value of property One Thousand Four Hundred Fifty Dollars, in the manner and form as charged in the indictment in this cause, and the said finding of guilty," and sentence was pronounced "for the crime of larceny value of property One Thousand Four Hundred Fifty Dollars, in the manner and form as charged in the indictment, whereof he stands convicted * * *." However, the bill of exceptions indicates that at the close of evidence the court stated that defendant was guilty "of larceny of the person of Mrs. Anderson." Thus Bates contends that he was convicted of larceny from the person while judgment and sentence were for grand larceny. The word "larceny" is a generic term which includes such crimes as petit larceny, grand larceny, larceny from the person, larceny of an automobile, and others, (*People* v. *Crane,* 356 Ill. 276,)

whereas the terms "grand larceny" and "larceny from the person" are not synonymous. (*People* v. *Sarosiek*, 375 Ill. 631.) Although they may both be committed by a single act, their distinction in such cases lies largely in the manner by which the offense is alleged and proved. If a defendant has stolen property having a value of more than fifty dollars from the person of another, he may be indicted and tried for larceny from the person without mention of value, (*People* v. *McKay*, 403 Ill. 417,) or such value may be alleged and proved so as to constitute grand larceny. (*People* v. *Sarosiek*, 375 Ill. 631.) In the present case Bates was indicted for the taking of a $1,200 ring, a $175 ring, a purse worth thirty-five cents, and cash in the amount of $3.90 from the person of Amanda Anderson, such allegations being so framed as to charge both larceny from the person and grand larceny, and the prosecuting witness testified that the rings were worth about $1,000 and $250 respectively. Therefore upon the allegations and evidence presented, the lower court could have found defendant guilty of either crime; however the finding, judgment, and sentence as set forth in the common-law record uniformly show that grand larceny was the adjudged offense; and although the court's finding of property value exceeded that contained in the proof, no prejudicial error resulted since both were well above the grand larceny statutory minimum of $50. (*People* v. *Jasiecki*, 301 Ill. 23.) In our opinion no conflict exists in the record proper or between it and the bill of exceptions, which merely states that Bates was found guilty of larceny of the person of Amanda Anderson. Under the facts of this case it was such taking from the person together with an alleged and proved value which constituted grand larceny, and in making the verbal statement reflected by the bill of exceptions, the court may well have been expressing its opinion of guilt generally rather than specifying a particular offense. In this respect the situation is somewhat similar to that contained in *People*

v. *Garkus,* 358 Ill. 106, and *People* v. *Barg,* 384 Ill. 172, where we held that a general finding of guilt, as shown by the bill of exceptions, did not conflict with a specific offense named in the common-law record. Furthermore, even if such a conflict did exist it would not warrant a reversal of conviction upon writ of error since the rule is that in event of variance between a bill of exceptions and the record proper, the latter will control as to all matters properly appearing therein, including the court's findings, judgment, and sentence. *People* v. *Kuhn,* 291 Ill. 154; *People* v. *Barg,* 384 Ill. 172; *People* v. *Garkus,* 358 Ill. 106.

For the reasons stated the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*