**People of the State of Illinois, Plaintiff-Appellee, v. Herman Johnson, Defendant-Appellant.**

**Gen. No. 51,216.**

First District, Third Division.

January 23, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Cornelius E. Toole and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John M. Goldberg, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Herman Johnson was found guilty of attempt burglary in a jury trial and was sentenced to the penitentiary for a term of three to fourteen years.

He contends that his conviction should be reversed because prejudicial error was committed in permitting the State to introduce testimony of his attempted escape and in allowing certain photographs to be admitted into evidence and shown to the jury. He also contends that his guilt was not proved beyond a reasonable doubt.

On September 11, 1965, about 10:30 p. m., two police officers riding in a squad car observed three men standing in front of a clothing store on West Madison Street, Chicago. Their suspicion was aroused and they pulled up to the store and, as they did so, one man ran away. As they were talking with the other two men, they saw a fourth man, the defendant Johnson, standing inside the locked metal gates which protected the store's recessed entrance. They saw him turn around and lay down on the floor. They ordered him to come out. He

refused and the officers climbed over the gate and got him. The gate was approximately 7½ feet high, with 6 inches of space at the bottom and an 18-inch clearance at the top.

Johnson was searched and a knife was found in his pocket. He and the two other men were transported to the police station in a squad car. During the trip they broke the door of the car and attempted to escape. They were recaptured.

 No error was committed in permitting testimony about the attempted escape. Evidence that a defendant resisted arrest or fled from arrest is admissible as tending to show his guilt. People v. Wright, 30 Ill2d 519, 198 NE2d 316 (1964), cert denied 379 US 11, 85 S Ct 133; People v. Talbe, 321 Ill 80, 151 NE 529 (1926).

██ Likewise, the court did not err in allowing the State to introduce into evidence photographs of the scene of the crime. The trial was held on Friday and Monday, January 7 and 10, 1966. On the intervening weekend, photographs of the store were taken and on Monday one of the officers testified that the photographs depicted the premises as they existed on the date of the alleged crime.

The district supervisor of the store had testified that two days after the episode at the store, he saw a cut in one of the plate glass windows, about a foot and a half long. The officer testified that at the time he arrested Johnson he observed a six-inch scratch on the window near the door and, at the request of the State, he marked the location of the scratch on a photograph.

The photographs assisted the jury in understanding the physical dimensions of the entrance and the size and construction of the gates behind which Johnson was found. The use of photographs for such a purpose is proper (People v. Allen, 17 Ill2d 55, 160 NE2d 818 (1959); People v. Rogers, 16 Ill2d 175, 157 NE2d (1959)) and no error resulted from the witness marking on the

photograph the place where he saw the scratch on the window.

■ ■ The defendant's contention that the evidence against him was circumstantial and insufficient to establish his guilt beyond a reasonable doubt is without merit. Circumstantial evidence can sustain a conviction as well as direct evidence. People v. Russell, 17 Ill2d 328, 161 NE2d 309 (1959); People v. Asey, 85 Ill App2d 210, 229 NE2d 368 (1967). The defendant was where he had no right to be—inside the metal covering which was there to keep prowlers away from the door. Two of his three companions were peering into the store and the third, who was glancing around as if he were the lookout, ran when the police car approached. The defendant had a knife in his possession and there was a cut on the window glass near the front door; he tried to conceal himself when he saw the officers and tried to flee on his way to the police station. The jury was justified in believing that the defendant intended to break into the store and that he was guilty of attempt burglary.

■ A judgment of conviction will not be reversed unless the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of the defendant's guilt. People v. Bates, 16 Ill2d 290, 157 NE2d 68 (1959); People v. Epping, 17 Ill2d 557, 162 NE2d 366 (1959). The evidence was not of this character and the judgment is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.