(No. 20137.——

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY HARTWELL, Plaintiff in Error.

*Opinion filed October 25, 1930.*

156

W. G. ANDERSON, (GEORGE W. FIELD, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ASHBEL V. SMITH, State's Attorney, and JOEL C. FITCH, (SIDNEY H. BLOCK, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Harry Hartwell, plaintiff in error, (hereinafter called the defendant,) was indicted in Lake county for the murder on December 7, 1926, of Thelma Valentine, and upon trial was found guilty and sentenced on May 14, 1927, to life imprisonment in the Joliet penitentiary.

In suing out this writ of error defendant contends that the trial court erred in giving certain instructions at the request of the People; that defendant was not represented

in court by competent counsel, and that he was put at a disadvantage because twenty-three instructions were given for the People and only three for himself. It is also contended that the guilt of the defendant was not established beyond all reasonable doubt.

Considering the instructions first, it is contended that People's instruction 7, relating to intent, was erroneously given. In substance this instruction advises the jury that while it is necessary that the intent alleged in the indictment be shown, direct and positive testimony is not necessary to prove the intent; that it may be inferred from the facts and circumstances shown by the evidence. While this instruction has been criticised or condemned in certain cases cited by defendant, yet on inspection of those cases it will be found that in each instance the indictment charged either an assault with intent to commit a felony or some other charge which embraced the specific intent to commit a crime. Those cases are not applicable because here the charge was murder, and it has been held by this court that the question of intention does not enter into the definition of murder, general malice being sufficient without specific intent to kill. (*People* v. *Heffernan,* 312 Ill. 66; *People* v. *Russell,* 322 id. 295; *People* v. *Guido,* 321 id. 397.) While this instruction should not have been given where no intent was alleged in the indictment, an examination of the evidence and the other instructions does not reveal that defendant was prejudiced by it.

People's instruction 12 advised the jury, in substance, that the rule requiring the jury to be satisfied of the guilt of the defendant from the evidence beyond a reasonable doubt in order to warrant a conviction is complied with if, taking the testimony all together, the jury is satisfied beyond a reasonable doubt that the defendant is guilty. The portion complained of follows: "The reasonable doubt that the jury is permitted to entertain to authorize an acquittal must be as to the guilt of the accused on the whole evidence,

and not as to any particular fact in the case not necessary to constitute the crime charged." The defendant contends that this instruction was disapproved in *People* v. *Clark*, 301 Ill. 428; also in *People* v. *Cramer*, 298 id. 509, and *People* v. *Seff*, 296 id. 120. The first part of the instruction has been recognized by this court for many years as a correct statement of the law. The last clause is ambiguous because the instruction does not state the necessary elements constituting the crime charged. However, the case at bar differs from the cases cited in that the court in this case gave other instructions defining murder and stating the elemental facts which, taken together, constituted the crime charged. Treating this instruction as part of the series given we find no prejudicial error.

People's instruction 14 is next complained of, because, in substance, it advised the jury that the doubt which a juror is allowed to retain in his own mind must always be a reasonable doubt, while a doubt produced by undue sensibility in the mind of any juror, etc., is not a reasonable doubt, and a juror is not allowed to create doubts by resorting to trivial and fanciful suppositions and remote conjectures as to possible states of fact different from the evidence. While this court has heretofore disapproved such an instruction in *People* v. *Seff, supra,* and cases therein cited, it has not reversed any judgment solely upon that account.

Objection is also raised to People's instructions 15 and 16,—both on the question of circumstantial evidence,—the defendant contending that all the evidence for the People was direct and not circumstantial. A review of the evidence is sufficient to justify the giving of these instructions. There was no eye-witness to the murder, but there are many facts and circumstances from which the jury could draw inferences, and it was proper for the jurors to consider all the circumstances in the case. The giving of such instructions was justified under similar circumstances in *People* v. *Gi-*

*ardiano,* 332 Ill. 476. The defendant also contends that instruction 15 is bad, relying upon *People* v. *Spranger,* 314 Ill. 602, to support his contention. The error in the instruction in that case is not found in the instruction in question here and the cases are easily distinguished.

It is further complained that the court erroneously gave four instructions for the People on malice, thereby over-emphasizing that subject. The language contained in these instructions is not complained of. The instructions are the usual series given on the subject of malice and the definition of murder, each treating the subject from a different angle, and have been approved in many decisions of this court. (*People* v. *Lucas,* 244 Ill. 603; *McCoy* v. *People,* 175 id. 224; *Parsons* v. *People,* 218 id. 386.) These instructions do not attempt to direct a verdict and the action of the court was harmless. *People* v. *Russell, supra.*

Protest is made of the manner in which defendant's case was handled by his counsel. The record shows that defendant employed attorneys of his own selection. Failure of counsel employed by defendant to exercise care and skill in the trial court does not change the rule that this court reviews only the record, and where a party employs counsel of his own selection this court will not reverse the judgment of the trial court on the ground that the defendant has not been properly represented. *People* v. *Thompson,* 321 Ill. 594; *People* v. *Zwienczak,* 338 id. 237.

It is also urged that the court should not have given twenty-three instructions for the People and only three for defendant. It appears from the record that the three instructions for defendant were prepared by the prosecutor at the instance of the court, as defendant's counsel had failed to prepare or offer any instructions. It has been repeatedly held that it is not the duty of the court to give or prepare instructions for one accused of crime. (*People* v. *Rewland,* 335 Ill. 432; *People* v. *Funk,* 325 id. 57.) Any other rule would result in confusion, and a defendant

charged with crime might thus take advantage of his own omission. It is not pointed out by counsel for defendant in this case in what respect the jury was misled by any of the instructions. The whole record shows that defendant had a fair and impartial trial even though his attorneys may have been neglectful in the matter of instructions. Taken as a series the instructions defined the crime and fairly stated the law. It is not sufficient ground for reversal if one or more instructions, standing alone, are superfluous or misleading. *People* v. *Winn*, 324 Ill. 428; *People* v. *Kimler*, 324 id. 445; *People* v. *Storer*, 329 id. 536.

Lastly, the defendant says he was not proved guilty beyond a reasonable doubt. We cannot agree with this conclusion. The evidence of defendant's guilt was sufficient to convict. There was abundant testimony by strangers and disinterested witnesses that Thelma Valentine, the defendant's paramour, while sick and helpless, was beaten unmercifully by the defendant; others heard her scream; others testified that defendant called her vile names, told them he had beaten her and said he ought to have killed her. This inhuman treatment, as related by different witnesses, lasted over a period of about three hours. Both her eyes were blackened and her body showed a mass of bruises and lacerations. The defendant himself went on the witness stand, but his testimony was far from satisfactory as an exposition of his innocence and was, in part, contradicted by other witnesses who were unimpeached. His story that deceased said she had been struck by an automobile was not impressive, since she had no bones broken and defendant had made no effort to discover how, where or by whom she was struck. Defendant also offered no evidence to satisfactorily explain how the decedent came to be found in such helpless and critical condition on the floor of his front bedroom. All these circumstances and controverted questions of fact were submitted to the jury. After hearing his testimony and observing the manner and character of all the

witnesses the jury found the defendant guilty. The trial judge by denying a motion for a new trial and entering judgment against defendant has certified his approval of the verdict.

In our opinion the judgment of the circuit court is correct and should be affirmed. *Judgment affirmed.*