(No. 22878.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALFRED DRON *et al.* Plaintiffs in Error.

*Opinion filed April 17, 1935.*

FRANK DEBARTOLO, (W. G. ANDERSON, of counsel,) for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Plaintiffs in error, Alfred Dron and Paul Vacelli, were found guilty of robbery by a jury in the criminal court of Cook county and were sentenced to the penitentiary for a period of from one to twenty years. The case is here on writ of error.

The complaining witness, Abe S. Murnick, a peddler, testified that on the afternoon of July 18, 1934, as he and his helper were driving in their wagon west on Twelfth street, in Cicero, a car pulled up beside him and a man who has not been apprehended jumped out of the back seat, climbed on witness' wagon, threatened to shoot him, and took between $20 and $25 from him; that Dron came over to the wagon and told the man doing the robbing to "give it to him;" that Vacelli opened the front door of the car and asked if they needed any help, and that he tried to pursue the car but could not get anyone to drive him. Murnick reported the alleged robbery to the police and assisted in apprehending the plaintiffs in error and identifying them.

Frank Bianco, the boy helper, who was about thirteen years old, testified that he saw only one man get on the wagon, and he was the one who took the money from the complaining witness. He saw Vacelli get out of the car but did not remember exactly what he did.

William Quirk, a police officer, testified that he arrested Vacelli, and that Vacelli said to him that he had been nearly drunk at the time of the occurrence in question and was not sure there had been any hold-up; that he, Vacelli, did not know all the occupants of the car very well, but that he would, and did, go with the witness and point out several places where the occupants of the car might be found. Arthur March, another police officer, testified that he helped arrest Vacelli, and that he was told by Dron where Vacelli could be found; that both Dron and Vacelli admitted that they were present at the occurrence, and the officer fur-

ther testified that in the conversation with Dron, Dron said that he drove the car but that he did not get any money out of it.

Plaintiffs in error testified that on the day of the robbery they met three other fellows who they said were casual acquaintances but whose names are not in evidence and neither of whom testified, and that they "picked up a girl" by the name of Lydia Booth and drove around to various places and did a great deal of drinking. It was their testimony that while going west on Twelfth street a horse and wagon blocked their way, and that Dron, who was driving the car, slowed it down, and one of the men in the back seat—a fellow called "Chintzy"—jumped out of the car, saying, "Wait, I will tell that fellow where to get off for hogging the road," and that Chintzy came back in a few minutes and said, "I told that fellow where to get off." They further testified that from that point they drove around a while longer and let out the three men from the back seat. Vacelli testified that he ate and drank too much and that he was not feeling well. They both testified that they had coöperated with the police as much as they could, and at no time did either one of them get out of the car during the time the robbery took place. Lydia Booth testified that neither of the plaintiffs in error got out of the car.

Numerous errors are assigned on the record but only those hereinafter mentioned are argued or briefed and none others will therefore be noticed, as it is the rule that assignments of error not argued are waived. *People* v. *Reilly*, 348 Ill. 153, and cases there cited.

It is first argued by plaintiffs in error that there was no proof offered in the trial of the case that anything of value was taken by force from the prosecuting witness, this argument being based upon counsel's theory that it was not proved that the money taken was not counterfeit

money. The record shows there was a written motion for a new trial in this case and no such point was made in that motion. It was thereby waived and cannot be argued in this court. *People* v. *Hotchkiss,* 347 Ill. 217.

It is next urged that the judgment against the two defendants is a joint judgment and that it is void for that reason. We do not regard the judgment shown by the record in this case as being a joint judgment. Each defendant is sentenced to the penitentiary until released in accordance with the law, and there is nothing in it whereby either might be held to answer for the other. In support of their argument certain cases from foreign jurisdictions are cited wherein judgments were reversed because of both defendants being ordered imprisoned until the fine of each was paid. There is no such element in the case now before us nor anything in the judgment which prejudices the rights of either of the defendants.

It is next argued that "as to the failure of the court to give the fifteen instructions offered by the defendants, a casual reading of the record will convince the court that nearly every instruction offered should have been given. Especially is this true where the evidence, as in the instant case, is not conclusive as to the guilt of the defendants." The written motion for a new trial in this case set forth *in hæc verba* four instructions which it was claimed should have been given. At least three of these instructions were argumentative, and it is not pointed out wherein the defendants were in any way prejudiced through a failure to give any one of them. So far as the argument shows, and so far as a reading of the abstract discloses, the court fully and fairly instructed the jury as to the law in the case. It is a rule frequently announced by this court that we will not search the record to determine whether or not the instructions given sufficiently cover the points set forth in those which the court refused to give. *People* v. *Grigsby,* 357 Ill. 141.

Finally, it is urged that the defendants did not have a fair trial because they were not properly represented by their counsel in the court below. The attorney who tried the case was counsel of the defendants' own choosing, and under such circumstances we will not reverse the judgment of the trial court because of any claimed incompetency in the conduct of the case. *People* v. *Hartwell,* 341 Ill. 155; *People* v. *Zwienczak,* 338 id. 237.

Upon the record presented it is necessary that the judgment of the criminal court of Cook county be affirmed.

*Judgment affirmed.*