(No. 22909

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs*. BERNARD MAHONEY, Plaintiff in Error.

*Opinion filed June 14, 1935—Rehearing denied October 8, 1935.*

JONES, J., took no part.

VICTOR I. OHRENSTEIN, (JAMES HARTNETT, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Bernard Mahoney was indicted and convicted in the criminal court of Cook county on a charge of embezzling the sum of $713 which he had collected as agent of the complaining witness, Kate Henry, and converted to his own use. A writ of error brings the case here for review.

Mahoney was an attorney with offices in Chicago. Kate Henry turned over to him a $900 judgment note for collection. The note was collected through other attorneys, and a check for $713, representing the collection less certain fees and expenses, was mailed on July 11, 1931, payable to "Bernard J. Mahoney, attorney for Kate Henry." The evidence is undisputed that Mahoney received and cashed this check and converted the money to his own use. In November, 1933, after many requests, Mahoney promised Miss Henry to pay the money to her· at the rate of $100 per month, beginning in January, 1934. This promise was never fulfilled and the uncontradicted proof in the record confirms Mahoney's guilt. He made no defense to the merits of the charge.

Fifteen errors are assigned in Mahoney's brief, which is remarkable for its display of great industry without that corresponding benefit to the court that should be the object of every brief. We indulge in nothing more than guesswork if we assume that the contents of the first ten pages of the brief refer to any of the fifteen errors assigned. These ten pages are devoted to an irrelevant discussion of so-called "judicial philosophy" as to the wisdom

of jury trials, going back some 2700 years before Christ, with quotations from the Bible and references to the downfall of Jerusalem and Rome, the conquest of England, the granting of Magna Carta, the development of the common law, the Declaration of Independence, the Ordinance of 1787, and the alleged destruction of our Federal and State constitutions. Only one Illinois case is cited (*Harris* v. *People,* 128 Ill. 585,) to the effect that a court without a jury is not regularly constituted to entertain a plea of not guilty. On the assumption that this is the point aimed at by these ten pages of extraneous discussion, we must remind counsel of the fact that *Harris* v. *People* is no longer the law in this State, as it was expressly overruled in *People* v. *Fisher,* 340 Ill. 250. In the latter case we held that the provisions of the bill of rights which guaranteed an accused the right of trial by jury refer only to the form and manner of the trial and are not jurisdictional in character.

It is further urged that the court erred in forcing defendant to trial without the benefit of experienced counsel. It appears, however, that numerous continuances were granted by the trial court on defendant's motion, first on July 7, again on July 10 and later on August 2. On August 29 the witnesses were again in court and the State's attorney was ready, but defendant again urged the granting of further delay because his attorney, Donahue, had gone to Washington, leaving only an assistant (Donigan) to try the case. The court again continued the case for one day, stating that he would appoint a public defender if no counsel appeared for defendant at the time set. Two other continuances took the case over until September 4 for trial. At that time defendant was again represented by Donigan. Under the circumstances we believe the trial court was unusually lenient and considerate in granting continuances to permit Mahoney to get ready for trial. In such matters the action of the trial court will only be disturbed on review when it is shown that its discretion has

been abused. (*People* v. *Singer,* 288 Ill. 113.) Attorney Donigan did as well as could have been expected with a defenseless case and was from the office of the attorney whom defendant had employed. Where a party employs counsel of his own selection this court will not reverse the judgment of the trial court on the ground that defendant was not properly represented. *People* v. *Hartwell,* 341 Ill. 155; *People* v. *Zwienczak,* 338 id. 237.

There is no merit in the contention of Mahoney that he was denied a fair trial because "the trial judge sat as a juror at all stages of the proceeding and was prejudiced against him." The record shows that the trial judge asked that a jury be not waived, as he preferred not to pass upon the issues without a jury, and the waiver of the jury was insisted upon by both Mahoney and his attorney.

It seems clear from an examination of the record that Mahoney was convicted under that section of the Criminal Code (Smith's Stat. 1933, chap. 38, sec. 75, p. 1030,) which makes it an offense for an agent to convert to his own use money collected for his principal. Two different counts in the indictment were laid under this section. Upon such a charge a lawyer may be an agent and may properly be indicted and convicted, the same as any other person. (*George* v. *People,* 167 Ill. 447.) Section 79 of the Criminal Code relates to embezzlement by attorneys and other officers, but it is not restrictive in the sense that it prevents the prosecution of an attorney or other officer as an agent under section 75. Mahoney made no claim to any part of the $713, for fees or otherwise. Under section 75 the crime of embezzlement by an agent is complete when there is a fraudulent conversion by the accused of money or property of his principal. Such conversion results when there has been a refusal to pay, or at least a failure to pay over such money or property where there are circumstances from which a refusal can be implied. (*People* v. *Ehle,* 273, Ill. 424.) No extenuating circumstances were shown in

the present case, as the proof showed that Mahoney admitted to the complaining witness that he had converted the proceeds of the collection to his own use and failed in his repeated promises to make restitution.

The other errors assigned have not been argued and are therefore deemed to have been waived and abandoned. *People* v. *Reilly,* 348 Ill. 153; *People* v. *Cobb,* 343 id. 78.

The judgment is affirmed. *Judgment affirmed.*

Mr. JUSTICE JONES took no part in this decision.