(No. 23213.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PHIL DEROSA, Plaintiff in Error.

*Opinion filed December 19, 1935.*

JOHN B. BODDIE, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, RICHARD H. DEVINE, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was committed to the State penitentiary on his plea of guilty in the criminal court of Cook county on a charge of larceny. This plea was entered on the 15th day of October, 1934. The property charged to have been stolen was an automobile of the value of $600. The court on that date imposed an indeterminate sentence of from one to ten years. On the 24th of October, 1934, the court on its own motion corrected the sentence by setting the sentence of October 15 aside and imposing a sentence of from one to twenty years, as required by statute. This writ of error was sued out to reverse the judgment.

Plaintiff in error contends here that after vacating the sentence first pronounced against him the court should have allowed his motion for leave to withdraw the plea of guilty; that he did not persist in his plea of guilty after the court set aside the sentence first imposed, and that the court did not warn him of the effect of his plea before re-sentencing him. The cause is here on a common law record only. That record shows that plaintiff in error was fully advised by the court of the effects of his plea of guilty and that he persisted therein, whereupon the court ordered the plea to be entered of record against him. This recital is a sufficient compliance with the statute to warrant sentence. (*People* v. *Harney,* 276 Ill. 236.) There is nothing in this

record to show that the court did not fully discharge its duty in advising and warning the accused of the consequences of his plea, and in this condition of the record this court will presume that the trial court discharged its duty in that behalf. (*People* v. *Walker,* 250 Ill. 427.) It is incumbent upon plaintiff in error to point out from the record wherein the trial court failed to properly advise him of the effects of his plea if he would have the benefit of such failure. (*People* v. *Siracusa,* 275 Ill. 457.) This the plaintiff in error has not done.

Counsel for plaintiff in error contends that the court abused its discretion in not allowing him to withdraw his plea of guilty after the attempted sentence of October 15 was set aside by the court. There is no showing that he entered his plea of guilty through any misapprehension of fact or law or by misrepresentation by anyone in authority. There is no claim that he has a defense worthy of consideration or that the ends of justice will be served by submitting his case to a jury. Where the accused with full knowledge and understanding of the nature of the charge against him pleads guilty, the withdrawal of such plea lies in the sound discretion of the court. (*People* v. *Wheeler,* 349 Ill. 230.) There is nothing in the record advising us of any reason why the plea of guilty should be withdrawn, and we are unable to see that the court abused its discretion in denying plaintiff in error's motion to withdraw his plea of guilty. Under a plea of guilty to larceny in a case of this character the trial court has no discretion as to the extent of the punishment, (*People* v. *Wilmot,* 254 Ill. 554,) as the statute provides that the penalty to be imposed shall be imprisonment in the penitentiary for a term of not less than one nor more than twenty years. Smith's Stat. 1935, chap. 38, par. 388a.

It was the plain duty of the court to correct the sentence imposed against plaintiff in error, and the fact that in so doing it was necessary to set aside the sentence im-

posed would not give plaintiff in error a right to withdraw his plea of guilty. The correction was made during the term of court at which the original sentence was entered. We are of the opinion that the court did not err in refusing to permit withdrawal of the plea.

The judgment here complained of is in all respects in compliance with the statute and is affirmed.

*Judgment affirmed.*