(No. 29993.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT REYNARD, Plaintiff in Error.

*Opinion filed May 22, 1947.*

ROBERT REYNARD, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM F. SONNEMANN, State's Attorney, of Vandalia, for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

The plaintiff in error, Robert Reynard, on February 17, 1940, entered a plea of guilty to forgery and was sentenced by the circuit court of Fayette county to imprisonment in the Illinois State Penitentiary for a term of not less than

one year and not to exceed twenty years until otherwise discharged by due process of law. Plaintiff in error has filed only the common-law record containing the indictment and the judgment in this case.

He complains of alleged errors appearing from the record in this cause. He first states that the judgment and sentence imposed upon him were in error because he pleaded guilty and waived a trial by jury on February 16, 1940, and was not admonished as to the consequences of his plea until February 17, 1940. By way of argument he says he was not admonished as to the consequences of his plea until the day following the waiver of the jury and the plea of guilty. The record in the case, however, discloses that while there was a written waiver of jury, including a plea of guilty, signed on February 16, 1940, the same was not filed in court until February 17, 1940. The judgment of the court shows clearly that the plaintiff in error was furnished with a copy of the indictment, list of witnesses and jurors and, upon being arraigned, informed the court that he desired to plead guilty to the crime of forgery as charged in the indictment. The court refused to accept said plea of guilty at once and proceeded to fully inform the defendant of the consequences of such a plea. Plaintiff in error then persisted in his plea of guilty which was entered and the defendant sentenced. Such entry of the plea of guilty has no reference to the signing of the written waiver of trial by jury.

The provisions of section 4 of division XIII of the Criminal Code (Ill. Rev. Stat. 1945, chap. 38, par. 732,) were complied with in every respect and there is no merit whatsoever in this alleged error. *People* v. *Wilke,* 390 Ill. 598.

The next complaint made by the plaintiff in error is that the sentence for a term of one to twenty years instead of one to fourteen years under either count of the indictment was invalid and void because section 105 of divi-

sion I of the Criminal Code prescribes specifically the punishment of one to fourteen years for the crime of forgery. (Ill. Rev. Stat. 1945, chap. 38, par. 277.) For this reason, it is apparent that the sentence was incorrect and should have been one to fourteen years.

In his argument plaintiff in error makes the statement that the trial court erred in permitting the plea of guilty to be entered, a jury waiver signed, and the plaintiff in error to stand trial without the assistance of counsel. He contends that his conviction, for that reason, cannot stand.

The scant common-law record supplied by plaintiff in error does not show that he asked for or demanded counsel to appear for him. We have held that the right to be represented by counsel is a personal right which a defendant may waive or claim as he himself may determine. (*People* v. *Batey,* 392 Ill. 390.) Plaintiff in error has not shown by his record or by anything *dehors* the record that he was in any manner denied the assistance of counsel, or that he did not understand the consequences of a plea of guilty.

If there was any coercion or intimidation used in securing the plea of guilty, it is not in the record, and this court would not be the proper forum in which to contest questions of fact. In *People ex rel. Swolley* v. *Ragen,* 390 Ill. 106, we said: "Any petition which raises questions of fact, only, will not be considered. This court does not try questions of fact."

The judgment of the circuit court is reversed and the cause is remanded with directions to enter a proper sentence.

*Reversed and remanded, with directions.*