(No. 29963.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JACK HARWELL, Plaintiff in Error.

*Opinion filed November 20, 1947.*

STEPHEN LEE, and LOUIS L. GOULD, both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and W. S. MIROSLAWSKI, all of Chicago, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

Jack Harwell, Edward Mulligan and Raymond Kelly were indicted in the criminal court of Cook county for the larceny, on April 25, 1946, of a camera having a value of sixty-five dollars. The defendants entered pleas of not guilty. Thereafter, on September 11, 1946, Harwell and Mulligan withdrew their pleas of not guilty and entered pleas of guilty. Kelly was not present. The court admonished Harwell and Mulligan as to the effect of their pleas

of guilty but they persisted in the pleas. Evidence was adduced, arguments of counsel were heard, and Harwell and Mulligan were sentenced to imprisonment in the penitentiary for a term of not less than one year nor more than one year and one day, and each fined one dollar. On October 7, 1946, twenty-six days after judgment was entered, Harwell made a motion to vacate the judgment and sentence. The next day, the portion of the sentence assessing a fine against him was ordered expunged from the record, and the motion to vacate the judgment and sentence overruled. An order was also entered expunging the fine against Mulligan. Harwell prosecutes this writ of error.

Seeking a reversal, the defendant Harwell insists the judgment entered on September 11, 1946, was void for the reasons that (1) it imposed a fine contrary to the statute fixing the punishment for grand larceny at not less than one year nor more than ten years' imprisonment in the penitentiary, (Ill. Rev. Stat. 1947, chap. 38, par. 389,) and (2) did not conform to the explanation given by the trial judge, or which ought to have been given, as to the effect of pleading guilty to the charge. The recital in the record disclosing that defendant was informed, warned and cautioned as to the effect of his plea of guilty shows a sufficient compliance with the statute. (Ill. Rev. Stat. 1947, chap. 38, par. 732; *People* v. *Childers,* 386 Ill. 289; *People* v. *DeRosa,* 362 Ill. 161.) To overcome the presumption that the court properly performed its duty it must appear from the record, by a bill of exceptions or otherwise, that the court erroneously or insufficiently informed the accused of the effect of his plea of guilty. (*People* v. *Blumberg,* 314 Ill. 567.) In the absence of a bill of exceptions, this court cannot speculate upon the nature of the warning given. If the court warned defendant that, upon a plea of guilty, he could be sentenced to the penitentiary and also subjected to a fine,—punishment greater than the statute provides,— he has but feeble grounds for his present complaint as he

could not have been misled as to the nature and character of the punishment imposed. The presumption obtains, however, that defendant was properly warned. The record does not disclose any error up to the point of judgment. This being so, defendant was entitled to have his incorrect sentence changed by striking the portion of the judgment and sentence fining him one dollar. (*People* v. *Reynard*, 397 Ill. 244; *People* v. *Wood*, 318 Ill. 388.) In an analogous case, (*People* v. *DeRosa*, 362 Ill. 161,) the correction was made, as here, during the term of court at which the original sentence was entered. This relief already having been obtained in the trial court, a reversal of the judgment and remandment of the cause for the entry of a proper sentence becomes unnecessary.

It is true that, in rare cases, we have held the presumption that the court discharged its duty in admonishing a defendant of the consequences of a plea of guilty and his persistence in the plea was overcome by a totally erroneous sentence. (*People* v. *Meyers*, 397 Ill. 286; *People* v. *Corrie*, 387 Ill. 587.) Here, defendant was sentenced to the minimum term of imprisonment and the error with respect to the nominal fine imposed was cured in the trial court. The factual situation presented is far from parallel with the *Meyers* and *Corrie cases*.

The Criminal Code does not define either grand larceny or petit larceny. Larceny is defined as the felonious stealing, taking and carrying, leading, riding or driving away the personal goods of another. (Ill. Rev. Stat. 1947, chap. 38, par. 387.) Larceny is a generic term and includes, among others, the offenses of grand larceny and petit larceny. The fundamental distinction between these two kinds of larceny is largely a matter of the punishment to be inflicted. (*People* v. *Crane*, 356 Ill. 276; *People* v. *Burke*, 313 Ill. 576.) Where the value of the property stolen is the statutory sum of fifteen dollars, or less, a fine not exceeding one hundred dollars is permissible as a part

of the punishment. As observed in *People* v. *Crane,* 356 Ill. 276, "The distinction between grand larceny and petit larceny is merely a recognition on the part of the courts, which has obtained in this State since 1833, of the different punishments inflicted where the value of the property is more or less than the fixed statutory sum." Defendant was charged with, and convicted of, the generic crime of larceny. Punishment for this offense was dependent upon the value, as found by the court, of the property stolen. Since larceny is punishable in several different ways, the sole basis of the different kinds of punishment being the value of the property stolen, the penalty imposed by the judgment entered on September 11, 1946, was excessive and not, as defendant insists, of a different character from the punishment prescribed by statute. (*People ex rel. Maglori* v. *Siman,* 284 Ill. 28.) The assessment of the fine of one dollar rendered the judgment, to the extent of the fine, excessive but not void in its entirety.

Defendant complains that a conviction on a plea of guilty in a criminal cause should show the reception of a single plea of guilty and the court's separate warning as to its effect. The Criminal Code makes no such requirement, and defendant does not assume to explain how he could have been prejudiced by pleading jointly with one of his two codefendants.

Defendant's third contention is that the judgment against Mulligan and himself is a joint judgment and, consequently, void. Where two or more persons jointly tried are convicted, the sentence or judgment must, as a rule, be rendered against them severally and not jointly, each being subject to the full penalty and punishment for the criminal offense in the same manner as if he had been the sole offender. The law does not require, however, that entirely separate judgments be written up, it being sufficient · if the sentences are separately assessed on each, although appearing in the same judgment. (24 C.J.S., Criminal

Law, sec. 1565, p. 35; 15 Am. Jur., Criminal Law, sec. 452, p. 112; *People* v. *Dron,* 360 Ill. 309.) Here, to the extent pertinent, the judgment, as corrected, sentences each of the defendants, Harwell and Mulligan, to the penitentiary and fixes minimum and maximum limits of imprisonment. The challenged judgment does not make the sentence of either of these two defendants in any way dependent upon the sentence of the other. In short, the judgment sentenced each defendant to the penitentiary and is not open to the objection of being a joint judgment requiring each to be held to answer for the other before being released. *People* v. *Dron,* 360 Ill. 309.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*