(No. 30491.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY J. KOBLITZ, Plaintiff in Error.

*Opinion filed September 24, 1948—Rehearing denied Nov. 11, 1948.*

HENRY J. KOBLITZ, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and THOMAS SWEENEY, State's Attorney, of Taylorville, (BRENDA SWEENEY, of Taylorville, of counsel,) for the People.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

This is a writ of error to the circuit court of Christian County brought by the plaintiff in error, Henry J. Koblitz, one of the two codefendants to four separate indictments returned by the Christian County grand jury for the March term on March 21, 1941.

In his brief the plaintiff in error sets forth a statement of facts which does not appear at any place in the record brought before this court. We are, therefore, not at liberty to consider his statement of facts in any way in determining the rights of the plaintiff in error under his writ of error.

It appears from the record herein that the plaintiff in error, Henry J. Koblitz, and one John Davis, were codefendants in four separate indictments involving crimes against the person or property of one William W. Calloway. Indictment No. 565 charged kidnapping; indictment 566 charged assault with intent to murder; indictment 567 charged larceny of a motor vehicle, and indictment 568 charged robbery. Upon arraignment both of the defendants to the above four indictments pleaded not guilty to

all four indictments. In the trial court the defendants eventually changed their plea to guilty to indictment 565, charging the offense of kidnapping, and also changed their plea to guilty to indictment 568, charging the offense of robbery. The other two indictments were nolled by the People. The court entered a judgment on the pleas of guilty to indictment 565 and sentenced each defendant· to serve a term of five years in the Illinois State Penitentiary. Under indictment 568 the court sentenced the two defendants on their pleas of guilty to a term of not less than one year and not more than twenty years in the State penitentiary. Both defendants have completed the five-year sentence imposed under indictment No. 565 for kidnapping, and the defendant Koblitz is prosecuting this writ of error for his release from imprisonment under the judgment on indictment 568, assigning as error that he has been denied due process of law and equal protection under the fourteenth amendment to the constitution of the United States.

The plaintiff in error calls attention to the fact that his codefendant, Davis, is not in any way participating in this proceeding. There is no indication in the record that Koblitz ever made Davis a party to the proceeding, or that he has been unable to serve Davis, or that he in any way asked or sought a severance for the purpose of this writ of error.

One of the contentions of the State is that under these circumstances, Rule 66 of this court (Ill. Rev. Stat. 1947, chap. 110, par. 259.66) has not been complied with and that the plaintiff in error, therefore, cannot prosecute the writ of error herein. It is not necessary to discuss at length Rule 66, which provides that in all cases brought to this court or to the Appellate Court by writ of error wherein the party suing out the writ is one of several parties plaintiff or defendant below, the party suing out said writ shall, in his *praecipe* filed therein, join as parties plaintiff in error in such court his coplaintiff or codefendants below against

whom the order, judgment or decree was rendered. Rule 66 is particularly applicable to civil cases wherein the judgment is against all defendants. The judgment in a criminal case is against each defendant singly, even though the two defendants may be tried in the same proceeding before the same jury. The fact that a judgment in a criminal proceeding is several and not joint is well established. *People* v. *Harwell,* 398 Ill. 369; *People* v. *Dron,* 360 Ill. 309.

Under these circumstances, we fail to see merit in the State's contention and hold that the proceeding herein is not governed by Rule 66 of this court.

The basis of the plaintiff in error's contention that he was denied due process of law and equal protection of the laws under the fourteenth amendment to the constitution of the United States is that he has been placed in double jeopardy. He argues that the usual practice in this State is to embrace different offenses in different counts of one indictment where more than one criminal statute has been violated in a single transaction. (*People* v. *Dougherty,* 246 Ill. 458; *People* v. *Perrello,* 350 Ill. 231.) The plaintiff in error then insists that the State, in the case at bar, attempted to depart from regular criminal procedure by placing the different offenses charged against the plaintiff in error, and arising from a single transaction, into four different indictments.

It should be noted at this time that the State is not required to charge the plaintiff in error by placing all of the crimes charged in one indictment under different counts. The cases cited by the plaintiff in error merely state that the charge of two different offenses growing out of the same transaction may be embraced in different counts of the same indictment. They do not state that such a procedure must be followed.

The plaintiff in error then argues that the imposition of more than one sentence for a single transaction is pro-

hibited by the law of this State, and that a conviction under the circumstances as set forth in the record here would result in double jeopardy. In support of this contention he cites many cases from this and other jurisdictions, representative of which are *People* v. *Crane,* 356 Ill. 276; *People* v. *Israel,* 269 Ill. 284; *People* v. *Routson,* 354 Ill. 573.

In *People* v. *Crane,* the court was concerned with the theft of a motor vehicle. The cause of action on the part of the State against the defendant could have arisen under the act of 1927, making it a felony to steal a motor vehicle, regardless of its value, or the defendant could have been prosecuted for grand larceny, requiring the allegation and proof of the fact that the stolen property was worth more than $15. We merely held in that case that, under these circumstances, the People may elect under which statute the defendant is to be indicted.

In *People* v. *Israel* we held that where the offense is one act fully completed at the same time and place, it is but one crime; however, many different kinds of property may be stolen, and we there held that there is no good reason why such an act may be said to constitute more than one crime because there are two or more separate owners of the property stolen.

In *People* v. *Routson* we held that forgery is preparatory to, and forms a part of, the crime of passing a forged note, and since the verdict of the jury found the plaintiff in error guilty on both counts of the indictment, he might have been sentenced upon either, and it was proper for the court to enter judgment on the second count, only.

The difficulty with the plaintiff in error's contention under the cases above cited is that they are not in point in the case before us.

In considering this petition for writ of error, we may not go beyond the record which is before us. There is nothing in the record to indicate, as the plaintiff in error contends, that the acts complained of in the four indict-

ments all arose out of the same transaction. Even assuming for the purpose of decision that the four offenses charged did arise out of the same transaction, we do not believe the points raised by the plaintiff in error have merit.

In *People* v. *Allen,* 368 Ill. 368, we held that the rule that a person cannot twice be put in jeopardy for the same offense has no application where two separate and distinct crimes are committed by one and the same act.

In *People* v. *Flaherty,* 396 Ill. 304, this court was presented with the question whether or not a defendant who had been acquitted on a charge of burglary and larceny could later be convicted of armed robbery on the same state of facts arising out of the same transaction. We there said, "Both the constitution of our State and that of the United States provide that no person shall be twice put in jeopardy for the same offense. This constitutional provision protects any person who has already been tried and acquitted of an offense from being ever again put upon trial and again brought into danger of punishment for the same offense. The protection intended and specifically given is against second jeopardy for the same offense. There is no prohibition, either in the Federal or in our own constitution, against successive prosecutions if the same wrongful act charged constitutes separate and distinct offenses, or if there be two or more different offenses growing out of the same transaction." We further stated that the words, "same offense," as used in the constitutional guarantee, meant the same offense and not the same act or transaction. The language used in this case completely refutes the claim of the plaintiff in error that the different offenses arising out of the same set of facts bars a prosecution for the robbery charge after the conviction for kidnapping. In these cases we have held that the offenses are not the same when there is a distinct element in one which is not included in the other, though both relate to the one transaction. In such cases a conviction

or acquittal of either offense constitutes no bar to a conviction under the other where the accused would not be placed in jeopardy for one offense. This is true even though he may have indulged in only one set of facts or circumstances which would give rise to the different indictments for different offenses. Where the offenses are distinct in law, the defense of former jeopardy is not available, regardless of how closely they are connected in point of fact. To like effect is *People* v. *Loftus,* 395 Ill. 479. Applying these rules to the instant cause, it becomes obvious that the plaintiff in error pleaded guilty and was convicted of two crimes which were separate and distinct offenses, even though they may have grown out of the same set of facts. The crime of kidnapping is distinct and separate from that of robbery and the proof on the one is not the same proof which would justify a conviction under the other, even though they both arose out of the same set of circumstances.

For the reasons stated herein, the judgment is affirmed.

*Judgment affirmed.*