(No. 32181.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MAX GARMAN, Plaintiff in Error.

*Opinion filed January 24, 1952.*

BURRELL & BURRELL, of Freeport, and RALPH M. EATON, of Mount Carroll, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and LAWRENCE A. SMITH, State's Attorney, of Savanna, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Max Garman, defendant below, was convicted in the circuit court of Carroll County of the crime of reckless homicide and his punishment was fixed at imprisonment in the county jail for a term of sixty days, and he was to pay a fine of $500. He here prosecutes a writ of error to the circuit court of Carroll County to reverse the judgment.

On October 5, 1951, Max Garman was operating a car in Carroll County, traveling in a westerly direction on Illinois State Route No. 65 between the cities of Lanark and Mount Carroll. Bernard Bowers was a passenger in the automobile operated by Garman. The automobile left the highway and proceeded for about three hundred feet on the shoulder thereof, subsequently turning over. As a

result of this occurrence, Bernard Bowers was killed. Max Garman was thereafter indicted by the grand jury of Carroll County for the death of Bernard Bowers. The indictment was in eight counts. Count 1 charged him with driving a car while under the influence of liquor. Count 2 charged reckless homicide and was couched in the language of the statute only, and did not specify or particularize the facts, circumstances and elements constituting the offense. Counts 3, 4 and 5 charged reckless homicide and were not only couched in the language of the statute, but set out with particularity the facts, circumstances and elements constituting the offense charged. Counts 6, 7 and 8 charged defendant with the crime of involuntary manslaughter. Count 2 was nolle prossed at the beginning of the trial on motion of the State's Attorney. Plaintiff in error was found not guilty of driving under the influence of liquor as charged in count 1, and not guilty of involuntary manslaughter as charged in counts 6, 7 and 8. He was found guilty of reckless homicide by the jury. He then moved for arrest of judgment, which motion was overruled by the court.

Garman now prosecutes this writ of error to reverse the judgment. The errors relied on by the plaintiff in error are (1) that the Reckless Homicide Act (Ill. Rev. Stat. 1951, chap. 38, par. 364,) is so vague, indefinite and uncertain that it is in violation of section 2 of article II of the constitution of Illinois, and (2) that if the Reckless Homicide Act is deemed sufficiently definite to be constitutional, it must be for the reason that it charges the crime of manslaughter, and, in that event, the verdict of the jury finding the defendant not guilty of the charge of manslaughter requires the judgment that the defendant be discharged.

It is Garman's contention that the Reckless Homicide Act violates the requirements of due process as being vague, indefinite and uncertain. It is maintained that the Reckless

Homecide Act fails to charge a crime that can be identified by the average honest citizen that is not dependent on the whim of courts and juries. Defendant relies upon the case of *People* v. *Beak,* 291 Ill. 449, for authority for finding this statute unconstitutional as leaving the dividing line between lawful and unlawful to conjecture. That opinion pronounced that in creating by statute an offense which was not a crime at common law such statute must be sufficiently certain to show what the legislature intended to prohibit and punish, otherwise it will be void for uncertainty.

The statute with which we are concerned recites: "Any person who drives a vehicle with reckless disregard for the safety of others and thereby causes the death of another person shall be guilty of the offense of reckless homicide.". The statute thereafter sets forth the punishment to be fixed. The act to be punished under the statute is driving "with reckless disregard for the safety of others" resulting in the death of another person.

In *People* v. *Green,* 368 Ill. 242, this court departed in part from the holding of the *Beak case,* stating the true rule to be that if the legislature, in creating a new crime, uses words having a common-law meaning or a meaning made definite by statutory definition or previous judicial construction, it may strike directly at the end intended to be curbed, leaving it to the pleader to state facts bringing the case within the statutory definition and to the judicial department of government to interpret the application of the act to the facts stated. The Indiana case of *State* v. *Beckman,* 219 Ind. 176, quoted "reckless disregard of the safety of others" as a part of Blackstone's common-law definition of manslaughter. It is thus evident that the phrase itself has a common-law definition of its own, descriptive of certain acts. Following the *Green case,* decided by this court, we will look to the common-law meaning of the phrase to define the acts constituting a violation of the statute. We thus observe that our statute is ren-

dered certain and definite, and is not violative of due process in this respect.

It is significant to note that the courts of many sister States have found their similar statutes, containing the same phrase and defining a similar crime, to be constitutional in every instance that such question has been raised. *State* v. *Gloyd,* 148 Kan. 706; *State* v. *Cantrell,* 64 Wyo. 132, 186 Pac. 2d 539; *State* v. *Barnett,* 218 S. C. 415, 63 S.E. 2d 57; *State* v. *Rachels,* 218 S. C. 1, 61 S.E. 2d 249; *State* v. *Beckman,* 219 Ind. 176.

Having found the Reckless Homicide Act constitutional and not a violation of due process, we come to the proposition raised by plaintiff in error that the act can only be constitutional as charging manslaughter, and, since the jury returned a verdict of not guilty on the manslaughter counts, the plaintiff in error must be discharged as to reckless homicide. Plaintiff in error is incorrect in his allegation that the *Beckman case* found Indiana's Reckless Homicide Act charged the crime of manslaughter. Assuming, only, that the Illinois Reckless Homicide Act is taken from the Indiana statute, we cannot on the basis of this Indiana case find that manslaughter and reckless homicide are the same crime. The *Beckman case* merely looks to the common-law definition of manslaughter to find a meaning for the phrase, "reckless disregard of the safety of others." The gist of that decision is only that an indictment for reckless homicide is insufficient if it is just in the language of the statute, but it must instead allege facts describing the offense with particularity to inform the accused of the nature of the charge against him. This case cites and is in accord with our own *People* v. *Green,* 368 Ill. 242.

Involuntary manslaughter under the Illinois statute (Ill. Rev. Stat 1951, chap. 38, par. 363,) is a felony and punishable solely by imprisonment in the penitentiary. Reckless homicide is a misdemeanor and is punishable by fine, imprisonment in the county jail, or imprisonment in

the penitentiary. (Ill. Rev. Stat. 1951, chap. 38, par. 364.) To charge manslaughter it was necessary to allege, as the indictment did in counts 6, 7 and 8, merely that plaintiff in error did unlawfully and *feloniously* kill and slay Bernard Bowers while defendant was in the performance of an unlawful act. Such allegations are not charged in counts 3, 4 and 5 which merely charged defendant with acting in a "wanton and reckless manner" and that he did "unlawfully, wilfully, wantonly, and recklessly drive" etc., setting forth particular facts. Involuntary manslaughter is a common-law crime, while reckless homicide is a new crime created by statute and unknown to the common law. It is sufficient to allege a common-law crime in the language of the statute, while a new crime, created by statute and depending on common law to define a general phrase which describes the crime, must be set forth by facts alleging the offense with particularity. (*People* v. *Green,* 368 Ill. 242.) Reckless homicide relates only to the specific incident wherein a death is occasioned by another's *driving* with "reckless disregard for the safety of others." Involuntary manslaughter relates to any "killing of a human being without any intent to do so, in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence, in an unlawful manner."

In *State* v. *Porter,* 176 La. 673, under a similar statute it was found that a man could not be convicted of manslaughter. The reason given was that "the act, in specific terms, defines and denounces a separate and distinct crime, the crime of involuntary homicide, which is in a sense, akin to manslaughter, but which is not manslaughter."

The Supreme Court of Kansas, in the case of *State* v. *Gloyd,* 148 Kan. 706, found that a statute similar to our own was never intended to repeal statutes denouncing manslaughter. Rather, the act was found to denounce as a misdemeanor certain conduct which might have been man-

slaughter at common law, without destroying manslaughter statutes.

It was clearly the intent of our legislature to create a crime of lesser degree than manslaughter in the specific instance of a death occurring from the act of another while driving "with reckless disregard for the safety of others." (See Ill. Rev. Stat. 1951, chap. 38, par. 365.) There is absolutely no reason why the same set of facts may not constitute separate offenses under different statutes. (*People* v. *Crane,* 356 Ill. 276; *People* v. *Koblitz,* 401 Ill. 224.) The plaintiff in error cannot complain because the jury convicted him of the lesser offense where both involuntary manslaughter and reckless homicide are charged. *People* v. *Carrico,* 310 Ill. 543.

We have shown that the crime of reckless homicide and the crime of involuntary manslaughter are separate and distinct offenses. Where the offenses, though arising from the same act, are separate and distinct in law, the defense of former jeopardy is not available regardless of how closely they are connected in point of fact. (*People* v. *Flaherty,* 396 Ill. 304; *People* v. *Loftus,* 395 Ill. 479; *People* v. *Koblitz,* 401 Ill. 224.) We have also shown the different allegations necessary to counts charging manslaughter and counts charging reckless homicide. The two offenses involve some different elements in their required allegations. All claims of double jeopardy are thereby removed.

We have found the Reckless Homicide Act to be constitutional and in no way vague, indefinite or uncertain. The act does not define manslaughter, but creates a new crime, of lesser degree separate and distinct from common-law manslaughter. The errors alleged by the plaintiff in error do not exist. Accordingly, the judgment of the circuit court is **affirmed.**

*Judgment affirmed.*