THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FREDRICK BARNETT, Defendant-Appellant.

( No. 55500; )

First District—August 17, 1972.

Leonard Karlin, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

On the afternoon of May 6, 1970, students of the University of Illinois, Circle Campus, Chicago, demonstrated in opposition to the participation of the United States in the Vietnam war. Approximately 3,000 persons—students and others in sympathy with their protest—gathered in the university amphitheater and marched around the campus. Toward the end of the afternoon a number of the demonstrators entered one of the buildings and gathered on the third floor. The building normally closed at 6:00 P.M., but at 9:00 P.M. about forty of the demonstrators, including the defendant, Fredrick Barnett, a 27-year-old graduate student, were still there.

At 9:15 P.M. a statement was read to the demonstrators by an officer of the university's police department. They were ordered to leave and given 30 minutes to do so without being arrested for trespassing. When the security officers returned in half an hour they found that the demonstrators had locked themselves behind a steel door. They broke down

the door and were confronted with a barricade of tables and chairs. The demonstrators were given a second warning and told to leave within three minutes or face prosecution.

Barnett was one of those who refused to depart. He was removed from the building, placed under arrest and charged with violating two statutes: criminal trespass to State supported land (Ill. Rev. Stat., 1969, (ch. 38, par. 21—5), and interference with a public institution of higher learning. (Ill. Rev. Stat. 1969, ch. 38, par. 21.2—2(c).) He was tried by the court and found guilty of both offenses. He was sentenced to 30 days in jail for the former offense and placed on a year's probation for the latter.

The defendant testified at the trial as did those arrested with him. He and his codefendants did not deny their participation in the "sit-in" or their refusal to vacate the premises. Their defense consisted of an exposition of their views and of an explanation of the reasons for the demonstration.

■■ The defendant's contention that his actions were privileged because they came within the protection of the first and fourteenth amendments to the Constitution of the United States and Article II, section 17 of the Illinois Constitution of 1870, must be rejected. Likewise, his corollary contention that the statutes under which he was convicted contravene these constitutional provisions must also be rejected. The right of the people to assemble in a peaceful manner to make known their opinions and to petition for a redress of their grievances, does not permit them to congregate at any time or place, or to communicate their viewpoint by whatever method they choose. The constitutional guarantees of liberty imply the existence of an organized society in which public order must be maintained. (*City of Chicago v. Joyce* (1967), 38 Ill.2d 368, 232 N.E.2d 289.) A distinction is recognized between the use of "pure speech" and overt conduct intended to express an idea. *City of Chicago v. Rosser* (1970), 47 Ill.2d 10, 264 N.E.2d 158.

■■ As the State mentions, the issue is not the right to protest but the manner and place of the protest. The constitutional rights of free speech and peaceful assembly may not be indiscriminately exercised. (*Cox v. Louisiana* (1965), 379 U.S. 559.) Invading a building of the university, denying academic freedom to the purpose for which the building was intended, declining to leave when requested although it was several hours after the building's usual closing time, locking and barricading a steel door which had to be broken down to enter the room, and obdurately refusing to depart despite a second order by lawful authority, was not constitutionally privileged conduct.

■■ The statutes under which the defendant was prosecuted pro-

hibiting trespass to State supported land and interference with an institution of higher learning do not contravene either the Federal or State constitutional guarantees of freedom of expression. The legislature has a valid right to protect and preserve State land and institutions, as well as to insure their lawful enjoyment and use by those entitled to have access to them.

■■■ The defendant argues that one of the statutes (chapter 38, paragraph 21—5) is void because it conflicts with another constitutional provision, Article IV, section 13 of the Constitution of 1870. Section 13 states in part: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title." The objective of section 13 is achieved when a law has but one general subject which is fairly indicated by its title. (*People ex rel. Broomell v. Hoffman* (1926), 322 Ill. 174, 152 N.E. 597.) The statute (Article 21 of the Criminal Code of 1961) is entitled "Damage and Trespass to Property"; it deals primarily with minor offenses against property with criminal trespass to State supported land (paragraph 21—5) being one example. This sub-paragraph fits conveniently within the organizational scheme of Article 21. The title need not be an abstract index of the contents of the law (*People v. Kelly* (1934), 357 Ill. 408, 192 N.E. 372); trespass is singled out in the title as a specific offense to be defined in the subsections of the statute. Thus, the statute does not conflict with section 13 of Article IV of the Illinois Constitution.

■■■ A third constitutional argument is raised by the defendant. He contends that his being prosecuted for two offenses arising from the same conduct violated his constitutional right against double jeopardy. (U.S. Const. amend. V; Ill. Const. 1870, Art. II, sec. 10.) When the same conduct establishes the commission of more than one offense, a defendant may be prosecuted for each offense. (Ill. Rev. Stat. 1969, ch. 38, par. 3—3(a).) If the offenses are separate and distinct in law, regardless of how closely they are connected in point of fact, a prosecution for both is not a violation of the constitutional prohibition against being placed in double jeopardy. *People v. Garman* (1952), 411 Ill. 279, 103 N.E.2d 636; *People v. Koblitz* (1948); 401 Ill. 224, 81 N.E.2d 881; *People v. Thompson* (1967), 87 Ill.App.2d 426, 230 N.E.2d 889.

■■ It was error, however, to sentence the defendant for the two offenses. The offense of interference with a public institution of higher learning (chapter 38, par. 21.2—2(c)), is committed when a person "knowingly occupies or remains in or at any building * * * owned, operated or controlled by the institution after due notice to depart." Paragraph 21—5 of chapter 38 is of wider scope; it applies to all buildings and land which are supported by the State. The offense of trespass

to State supported land is committed when a person either enters the land or a building thereon after receiving notice that such action is forbidden or remains there after receiving notice to depart, thereby interfering with "another person's lawful use or enjoyment of such building or land." Although these statutes deal with different subject matter, one act may contravene both. Thus, the defendant violated both statutes simultaneously when, after receiving notice to depart, he refused to leave a building owned and operated by an institution of higher learning which was supported by the State.

 A defendant cannot be sentenced for two offenses if each offense arises from the same act. (*People v. Johnson* (1970), 44 Ill.2d 463, 256 N.E.2d 343; *People v. Thompson* (1972), 3 Ill.App.3d 684, 278, N.E.2d 1.) Only one sentence should have been imposed on Barnett and that for the greater offense. (*People v. Duszkewycz* (1963), 27 Ill.2d 257, 189 N.E.2d 299.) The relative gravity of the two offenses can be determined from the penalties provided for them by the legislature. The penalty for interfering with a public institution of higher learning is, for the first offense, a fine up to $300 and imprisonment for a maximum of 30 days or both; for a subsequent violation the fine and imprisonment may not exceed $500 and 120 days. A conviction for trespassing on State supported land carries a fine not to exceed $1,000 or imprisonment not to exceed one year. The legislature obviously considered criminal trespass to State land the more serious offense. The sentence imposed on the defendant for interfering with an institution of higher learning (paragraph 21.2—2(c)), the less serious offense, is therefore vacated.

██ The defendant complains that his sentence of 30 days in jail for the offense of trespassing on State land is excessive. At the hearing in aggravation and mitigation the trial court noted that the defendant exhibited no remorse for his conduct; rather, he was proud of it. The court considered sentences of 60 or 90 days but finally determined that 30 days was an appropriate period of confinement for him and his co-defendants. This period of incarceration was well within the limit of one year permitted by the statute. To modify the punishment would be to substitute appellate clemency for the trial court's considered judgment. That judgment will not be disturbed.

The judgment finding the defendant guilty of violating Ill. Rev. Stat. 1969, ch. 38, par. 21—5 is affirmed. The judgment for violating Ill. Rev. Stat. 1969, ch. 38, par. 21.2—2(c) is reversed.

Affirmed in part; reversed in part.

McGLOON, P. J., and McNAMARA, J., concur.